IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LESLEY J. LOWE, ESQ., MARY
H. SMITH, ESQ., and MELANIE
CARVER, ESQ.,

        Plaintiffs,

vs.                                                CIVIL NO.  10-315 JH/LFG

STATE OF NEW MEXICO ex rel,
GARY K. KING, Attorney General,
Individually, and in his official
capacity,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO STAY**

THIS MATTER is before the Court on Defendants' Motion to Stay [Doc. 10]. The Court considered the motion and response [Doc. 12], and determines that no reply is necessary.

Plaintiffs amended complaint for civil rights violations [Doc. 6] seeks to pursue claims for monetary damages against the State of New Mexico through its Attorney General, Gary K. King, and have brought their claims against him both individually and in an official capacity.

Defendants seek a stay of all proceedings pending resolution of a Motion to Dismiss. The motion to dismiss sets forth a number of arguments, including failure to state a claim against Defendant Gary K. King, as sued in his official capacity, Eleventh Amendment immunity, and failure to exhaust administrative remedies as to the claims brought under the New Mexico Human Rights Act. [Doc. 10 p. 2.]

A court has broad discretion to grant or deny a stay, and the Court's ruling is reviewable only for "abuse of discretion." Ben Ezra, Weinstein co. v. Am. Online, Inc., 206 F.3d 980, 987 (10th Cir.)

(court analogized congressionally-granted immunity to qualified immunity and stayed discovery save for five discrete areas), *cert. denied*, 531 U.S. 824 (2000).

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . .  As such, it is no different from a suit against the State itself."  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (internal citation omitted); Ross v. The Board of Regents of The University of New Mexico, 599 F.3d 1114, 1117 (10th Cir. 2010) (noting that neither a State nor its officials acting in their official capacities are "persons" under 42 U.S.C. § 1983).

Moreover, the State enjoys Eleventh Amendment immunity against such claims prosecuted in a federal forum.  *See* Ross, 599 F.3d at 1117 ("The Eleventh Amendment bars suits for damages against a state . . . absent congressional abrogation or waiver and consent by the state.") (internal citation omitted).  Under New Mexico law, the state's "[c]onsent to be sued may not be implied, but must come within one of the exceptions to immunity under the Tort Claims Act."  Id.  Eleventh Amendment immunity entitled a state not only to protection from liability, but also from suit, including the burden of discovery, as a party, within the suit."  Univ. of Tex. at Austin v. Vratil, 96 F.3d 1337, 1340 (10th Cir. 1996).

In addition, Defendants assert in the motion to dismiss that Plaintiffs failed to administratively exhaust remedies pursuant to requirements under the New Mexico Human Rights Act.  Exhaustion is a jurisdictional requirement.  Roybal v. City of Albuquerque, 653 F. Supp. 102, 107-08 (D.N.M. 1986) (applying New Mexico law); Rivera v. Smith's Food and Drug Centers, 2006 WL 4891275, at *4 (D.N.M. Feb. 16, 2006) (unpublished) (applying New Mexico law).

If official capacity claims seeking monetary damages against the state are barred by Eleventh Amendment immunity, and if there is a jurisdictional impediment on some of Plaintiffs' claims, it

would be improper to subject Defendants to the burdens of trial, including discovery, until those issues are resolved.  *See, e.g.*, Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004) (relating to stays of discovery when qualified immunity is an issue).

Plaintiffs contend that only portions of their lawsuit are being challenged by Defendants' Motion to Dismiss and that "[i]t would be untenable to completely shut this case down." [Doc. 12, p. 2.]  Plaintiffs urge that discovery proceed on all other claims not subject to Defendants' Motion to Dismiss.

In 2009, the United States Supreme Court resoundingly rejected a similar argument.  In Ashcroft v. Iqbal, __ U.S. __ 129 S. Ct. 1937, 1953 (2009), defendants moved to dismiss based on qualified immunity.  However, only some of the twenty-seven defendants named were able to assert the defense.  The issue arose as to whether discovery should proceed on the claims brought against those defendants not entitled to assert qualified immunity.

In rejecting the proposed discovery, the Court noted:

> Our rejection of the careful-case-management approach is especially important in suits where Government-official defendants are entitled to assert the defense of qualified immunity.  The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery." Siegert v. Gilley, 500 U.S. 226, 236, 111 S. Ct. 1789, 114 L. Ed. 2d 277 (1991) (Kennedy, J. concurring in the judgment).  There are serious and legitimate reasons for this.  If a government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of Government.

* * *

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

Id. at 1953. In sum, the Supreme Court made clear that when there exists a legitimate basis compelling the stay of discovery for qualified immunity, *all discovery* should be stayed as to *all defendants*.

Such is the case here. While this not a qualified immunity case, the rationale remains the same. Under Supreme Court precedent, official capacity claims for monetary damages are claims against the state and are likely barred under Eleventh Amendment immunity. Moreover, if there is a jurisdictional impediment to the Human Rights Act claims, then a defendant is being required to respond to discovery and incur costs of litigation when there may well exist a significant question as to the Court's authority to entertain this lawsuit.

The Plaintiffs are the masters of their pleadings. It is the Plaintiffs who chose to file official capacity claims. Thus, the predicament that Plaintiffs find themselves in is one of their own making. The Court would not be as amenable to staying discovery and proceedings solely because of the human rights issue. However, because the Amended Complaint, as plead, raises immunity and jurisdictional issues, the Court determines that Defendants' motion to stay is well-taken.

In sum, all discovery will be stayed. The Court will not stay, however, initial disclosures, the submission of a Joint Status Report, or the Rule 16 scheduling conference. Those matters and that proceeding will allow Court and counsel to visit about this case, and determine if the issues can be narrowed to avoid the jurisdictional and discovery problems herein.

IT IS THEREFORE ORDERED that Defendants' motion to stay all proceedings, including discovery, is granted, save for the exceptions noted above.

_____
Lorenzo F. Garcia
United States Magistrate Judge