IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LESLEY J. LOWE, ESQ., MARY
H. SMITH, ESQ., and MELANIE
CARVER, ESQ.,

               Plaintiffs,

  vs.                                                CIVIL NO. 10-315 JH/LFG

STATE OF NEW MEXICO ex rel.
GARY K. KING, Attorney General,
Individually, and in his official
capacity,

               Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE AND ORDER TO SHOW CAUSE

THIS MATTER is before the Court on Defendant's Motion for Order to Show Cause [Doc. 21], filed September 2, 2010. Plaintiffs filed their Response [Doc. 22], and Defendant submitted a Reply [Doc. 23]. The Motion is fully briefed. Oral argument is not necessary.

### Factual and Procedural Background

Plaintiffs, all female attorneys employed by the New Mexico Attorney General's Office, filed their initial Complaint [Doc. 1] on April 5, 2010, alleging they are paid less than similarly situated male attorneys in the office. An Amended Complaint [Doc. 6] was filed on April 27, 2010. Plaintiffs bring claims under the Equal Pay Act, 29 U.S.C. § 206(d); Title VII, 42 U.S.C. § 2000e; the New Mexico Human Rights Act, N.M.S.A. (1978) §§ 28-1-1- *et seq.*; and 42 U.S.C. § 1983.

On May 19, 2010, Defendant filed a Motion to Stay [Doc. 10], arguing that because Defendant raised Eleventh Amendment immunity in his previously-filed Motion to Dismiss [Doc.

9], the Court should stay all proceedings, including discovery, until the Motion to Dismiss is resolved. Plaintiffs responded in opposition.

The Court entered a Memorandum Opinion and Order [Doc. 13] on May 28, 2010, granting Defendant's Motion to Stay. The Court cited Ashcroft v. Iqbal, – U.S. –, 129 S. Ct. 1937 (2009), a ruling involving qualified immunity, for the proposition that when there exists a legitimate basis compelling the stay of discovery on immunity grounds, all discovery should be stayed as to all defendants. The Court therefore stayed all proceedings, including discovery, with the exception of initial disclosures, the submission of the Joint Status Report, and the Rule 16 scheduling conference, as "[t]hose matters and that proceeding will allow Court and counsel to visit about this case, and determine if the issues can be narrowed to avoid the jurisdictional and discovery problems herein." [Doc. 13, at 4].

Rather than seeking to streamline the litigation, Plaintiffs have expanded it considerably. On August 23, 2010, well after the Court's May 28 ruling, counsel for Plaintiffs sent a letter request to Lynn Payne, Custodian of Records at the New Mexico Attorney General's Office, making a request for public records under the Inspection of Public Records Act ("IPRA"), N.M.S.A. (1978), §§ 14-2-1 *et seq.* [Doc. 21, Ex. A]. In the letter request, Plaintiffs' counsel asks that the Attorney General's Office provide copies of the following public records:

> A.  The names of all attorneys who have been employed by the Attorney General's Office ("AGO") since January of 1987. For each such attorney, I request inspection of public records containing:
>
> 1. the sex of the attorney;
>
> 2. the year of the attorney's graduation from law school;
>
> 3. a complete salary history during the attorney's employment at the AGO, including:
>
> a. the date of hire *and* the initial hiring salary; and,

2

>> b. the date *and* amount of each salary adjustment for that attorney's tenure at the AGO.
>>
>> B.  All documents that relate to the pay equity work performed in 1994 by Mr. Frank Reinow for the Attorney General's Office.  He was responsible for authoring a pay plan, for the Attorney General Tom Udall.

[Id., at 1].

The requested documents are clearly relevant to the claims and defenses in this case.  The documents would be appropriate subjects for discovery requests, but for the stay.  Defendant argues that by serving the IPRA request, Plaintiffs' counsel violated both the Court's order granting a stay and the Rules of Professional Conduct, which forbid an attorney to communicate with an opposing party who is represented by another attorney.  NMRA, Rule 16-402.

On August 26, 2010, counsel for Defendant wrote to Plaintiffs' attorney, notifying Plaintiffs that he advised his client to deny the IPRA request as violative of the stay, asking that they withdraw the IPRA request, and stating that he considered the request an improper communication with a represented party under the Rules of Professional Conduct.  [Doc. 21, Ex. B].

Plaintiff's counsel responded by letter dated August 27, 2010, stating that he did not consider the communication improper, that he would not withdraw the IPRA request, and that if Defendant were to seek an order to show cause, he would respond with a request for sanctions.  [Doc. 21, Ex. C].  This Motion followed.  Defendant asks the Court for an Order to Show Cause, directing Plaintiff's counsel to show cause why he should not be held in contempt for violating the Court's stay order.

## **Discussion**

In granting Defendant's motion for a stay, this Court noted that "it would be improper to subject Defendants to the burdens of trial, including discovery," until the issues raised in

Defendant's Motion to Dismiss, particularly the issue of Eleventh Amendment immunity, are resolved. [Doc. 13, at 2-3]. Analogizing the raising of sovereign immunity under the Eleventh Amendment to the raising of qualified immunity, the Court cited Jiron v. City of Lakewood, 392 F.3d 410 (10th Cir. 2004) and Ashcroft v. Iqbal, *supra*, in holding that *all* discovery should be stayed pending resolution of the immunity issue.

> Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation. The privilege is an immunity from suit rather than a mere defense to liability; and *like an absolute immunity*, it is effectively lost if a case is erroneously permitted to go to trial. Accordingly, qualified immunity questions should be resolved at the earliest possible stage in litigation. Even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government.

Jiron v. City of Lakewood, at 414 (internal punctuation and citations omitted; emphasis added).

The Court's intention in staying all discovery in this case was "to free officials from the concerns of litigation, including avoidance of disruptive discovery . . . . Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of Government." Ashcroft v. Iqbal, *supra*, 129 S. Ct. at 1953 (internal punctuation omitted).

Plaintiffs argue that they have a right under the state IPRA which is separate from and supplemental to their discovery rights in this lawsuit. Be that as it may, exercise of that right at the present stage of this case is in direct defiance of this Court's order.

The IPRA provides that "[e]very person has a right to inspect public records of this state except . . . as otherwise provided by law." N.M.S.A. (1978) § 14-2-1(A). In construing the predecessor to § 14-2-1, the New Mexico Supreme Court stated, "[w]e hold that a citizen has a fundamental right to have access to public records. The citizen's right to know is the rule and secrecy

4

is the exception. Where there is no contrary statute *or countervailing public policy*, the right to inspect public records must be freely allowed." State ex rel. Newsome v. Alarid, 90 N.M. 790, 797, 568 P.2d 1236, 1243 (1977) (emphasis added).

The right to inspection of public records is subject to numerous specific exceptions, as set forth in the statute itself, and it is subject as well to the general condition that the right simply does not exist in circumstances were the law provides otherwise. N.M.S.A. (1978) § 14-2-1(A)(12). Thus, the right of inspection of public records is not unconditional but must give way if it conflicts with a countervailing public policy or would violate a directive "otherwise provided by law." Indeed, the New Mexico Supreme Court noted that the rights to inspect public records, created by statute, "are, by their very nature, not absolute, but are subject to an implied rule of reason." Newsome, *supra*, 90 N.M. at 797.

The Court finds that the policy reasons underlying a stay of discovery in immunity cases support and enforce the public policy of permitting state officials freedom to pursue the public's business without continual interruptions from intrusive discovery requests, at least until the sovereign immunity issue is resolved by the Court.

This conclusion accords with federal case law under the Freedom of Information Act ("FOIA"), the federal analog of New Mexico's IPRA. The Supreme Court notes that "[t]he primary purpose of the FOIA was not to benefit private litigants or to serve as a substitute for civil discovery." Baldridge v. Shapiro, 455 U.S. 345, 360 n.14 (1982). The Tenth Circuit likewise holds, "although information obtained through FOIA might be useful in a civil or criminal trial, FOIA is not a substitute for discovery or a basis for enlarging discovery rights." Hale v. U.S. Dep't of Justice, 973 F.2d 894, 898 n.5 (10th Cir. 1992), *vacated on other grounds*, 509 U.S. 918 (1993), *and overruled on other grounds*, 2 F.3d 1055 (10th Cir. 1993).

It may well be that, before they filed this lawsuit, Plaintiffs had the right under IPRA to inspect the materials they are now requesting. The Court does not decide that question. However, even if Plaintiffs had that right at one point, they voluntarily acceded to this Court's jurisdiction by filing their Complaint and are now subject to the Court's rulings in this litigation, including its stay of discovery. Plaintiff's counsel violated the Court's order by seeking to obtain these materials from Defendant. Indeed, counsel for Plaintiff proceeds as if this lawsuit does not exist, contacting the opposing party rather than the party's counsel, and moving forward to request materials in the face of the Court's stay of discovery.

Plaintiffs cite Judge Browning's opinion in Noland v. City of Albuquerque, No. CIV-08-56 JB/LFG, slip op. (D.N.M. Oct. 27, 2009), in support of their argument that IPRA provides a statutory right to request information independent of the limitations of a discovery stay. As Defendant points out, Noland arose under circumstances different from those of the present case.

In the Noland opinion, Judge Browning held that "[t]he County Defendants state no sound reason supported by any relevant legal authority why Noland cannot make requests for public information while his lawsuit is pending. The Court will not prohibit Noland from exercising his right under New Mexico law to make valid requests for public records." Id., at 5. However, in that case, there was no court order in place specifically staying discovery; rather, the case was at the early stage in the proceedings prior to the Rule 26(f) meet-and-confer session, and the defendants argued that the plaintiff's IPRA request violated the directive of Rule 26(d)(1) that no discovery may be had prior to the meet-and-confer session.

Judge Browning rejected the defendants' argument, as have other courts faced with similar situations. *See, e.g.*, Mid-Atlantic Recycling Techs., Inc. v. City of Vineland, 222 F.R.D. 81, 87

(D.N.J. 2004) ("the Federal Rules of Civil Procedure do not act as an automatic bar of a litigant's rights to obtain or seek documents under a public record access statute . . . ").

In this case, however, Defendants do not argue that merely filing a lawsuit acts as an automatic bar and eliminates Plaintiff's right to submit requests under IPRA. Instead, they ask for sanctions for violation of a specific order of the Court. This circumstance differs significantly from that in the Noland case and calls for a different result. The Court finds that the IPRA request by Plaintiff's counsel directly violated the Court's order staying discovery and constitutes an attempt to make an end-run around that order.

A variety of sanctions, including a finding of contempt, are available for failure to obey a discovery order. *See, e.g.*, FED. R. CIV. P. Rule 37(b)(2)(A); *see also*, Judge Johnson's order in Martinez v. Camacho, No. 08-CV-1046 WJ/LFG, slip op. (D.N.M. Aug. 20, 2010) (denying without prejudice dispositive motions which relied on exhibits obtained in violation of a stay order). Plaintiff's counsel should be given an opportunity to either withdraw his IPRA request, or else explain why sanctions should not be imposed.

### Order

IT IS THEREFORE ORDERED that Defendant's Motion for Order to Show Cause [Doc. 21] is granted. Counsel for Plaintiff, Daniel M. Faber, is directed to withdraw his pending IPRA request and file a certificate of compliance with this order on or before October 12, 2010; or, alternatively, to show cause on or before October 12, 2010 why sanctions should not be imposed for his violation of the Court's Order of May 28, 2010.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge