IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LESLEY J. LOWE, ESQ., MARY
H. SMITH, ESQ., and MELANIE
CARVER, ESQ.,

          Plaintiffs,

vs.                                                CIVIL NO.  10-315 JH/LFG

STATE OF NEW MEXICO ex rel.
GARY K. KING, Attorney General,
Individually, and in his official
capacity,

          Defendant.

## ORDER IMPOSING SANCTIONS

THIS MATTER is before the Court on Plaintiffs' response, or rather lack thereof, to the Court's September 28, 2010 Order to Show Cause [Doc. 25].

On that date, the Court granted Defendant's Motion for Order to Show Cause and entered an Order directing Plaintiffs' counsel to withdraw his pending IPRA[1] request and file a certificate of compliance on or before October 12, 2010 or, alternatively, to show cause on or before that date why sanctions should not be imposed for violation of the Court's Order staying discovery. Plaintiffs' counsel did neither.

Defendant asked the Court for a stay in this case, due to the immunity issues involved. The Court agreed that a stay was appropriate and, on May 28, 2010, entered an Order staying all discovery. [Doc. 13]. In the Order to Show Cause, the Court found that the actions of Plaintiffs' counsel – that is, using the IPRA in an attempt to obtain materials that would otherwise be

---

[1] New Mexico's Inspection of Public Records Act, N.M.S.A. (1978) §§ 14-2-1 *et seq.*

appropriate discovery materials but for the stay – was in direct violation of the Order Staying Discovery.  Plaintiffs; counsel is now also in direct violation of the Order to Show Cause, having failed to withdraw the IPRA request or, alternatively, to show cause why failure to do so is not sanctionable.

Plaintiffs' counsel justifies his failure to withdraw the pending IPRA request by arguing that the request was made in his capacity as a private citizen, and that the stay of discovery entered in this case can have no effect on his independent right to make a request under IPRA. [*See generally*, Doc. 27].  Plaintiffs' counsel thus contends that he did nothing wrong in making the IPRA request; indeed, he is continuing to litigate his right to request public records in spite of the stay of discovery, both in this case and in separate litigation brought in New Mexico state court in which he seeks to compel Defendant herein, the state Attorney General, to comply with the IPRA request.

However, Plaintiffs' counsel acknowledges that he sought the materials under IPRA in order to use them in this litigation.  He states in his Objections:

> A discovery stay prevents the use of the discovery devices described in the Federal rules of Civil Procedure, such as depositions, interrogatories, requests for admission, requests for inspection, and independent medical examinations.  During a stay, parties are free to conduct other kinds of "discovery," such as witness interviews, inspecting court records, and photographing the scene of an event. A discovery stay does not prevent all investigative work on a case and should not be interpreted as an order prohibiting the exercise of a citizen's statutory rights under IPRA.

[Doc. 27, at 5].  It is therefore disingenuous for Plaintiffs' counsel to assert that he is simply exercising his right as a private citizen to seek information from a public agency.  He is clearly gathering discovery materials for this lawsuit that he was forbidden to gather pending a ruling on the immunity issues raised by Defendant.

In addition, Plaintiffs' counsel did not respond to the Order to Show Cause as directed therein. Instead, within the time permitted for a response, Plaintiffs filed Objections [Doc. 27] to the Order to Show Cause, asking the assigned Article III judge to rule that the Order to Show Cause was improvidently entered. Plaintiffs have a right to seek review of a Magistrate Judge's ruling; however, an appeal to a District Judge does not serve to stay the effect of a Magistrate Judge's ruling. Plaintiffs and Plaintiffs' counsel are still obligated to abide by the Magistrate Judge's ruling, even pending appeal of that ruling, and they are currently in defiance not only of the Order granting a stay, but also of the Order to Show Cause.

FED. R. CIV. P. 72(a) is silent on whether a party's duty to comply with a Magistrate Judge's order is automatically stayed pending final review by the District Court of that party's objections. However, "[a]llowing the automatic stay of Magistrate Judges' orders would not only encourage the filing of frivolous appeals, but would grind the Magistrate system to a halt." Litton Indus. Inc. v. Lehman Bros. Kuhn Loeb, Inc., 124 F.R.D. 75-79 (S.D.N.Y.), *appeal dismissed*, 125 F.R.D. 51 (S.D.N.Y. 1989). *See also*, 14 James Wm. Moore, et al., Moore's Federal Practice, ¶ 72.10[4](3d ed. 2010). For this reason, district courts disfavor any assumption by litigants that a Magistrate Judge's discovery order is automatically stayed by the filing of an objection or appeal.

Plaintiffs' counsel could have asked for a stay of the Magistrate Judge's ruling while this matter is pending before the district judge, but he did not. Such a stay request, had it been made, could have been analogized to a request for a stay pending appeal of an order granting injunctive relief. And had such a request been made, the Court could have conducted the appropriate analysis, which parallels the analysis applicable to a request for injunctive relief; *i.e.*, the Court would consider (a) the likelihood of success on appeal; (b) the threat of irreparable harm if the stay is not granted; (c) the absence of harm to opposing parties if the stay is granted; and (d) any risk of harm

to the public interest.  O Centro Espirita Beneficiente Uniao de Vegetal v. Ashcroft, 314 F.3d 463, 465-66 (10th Cir. 2002).

However, Plaintiffs' counsel did not comply with the Magistrate Judge's order.  He did not ask for a stay of the Magistrate Judge's ruling; he did not withdraw his IPRA request; and he did not respond to the Order to Show Cause within the allotted time.  While Plaintiffs' counsel has the right to stand by his IPRA request and continue to litigate the matter, he was ordered by the Court to show cause why sanctions should not be imposed if he chose to maintain the IPRA request.  He did not do so.  While it is, of course, always possible that the District Judge may decide that Plaintiffs' arguments have merit, that does not alter the fact that Plaintiffs and their attorney have directly defied two orders of this Court.  In doing so, they have demonstrated a lack of respect for the Court's authority and have unnecessarily expanded the litigation in this case, causing Defendant to expend time and money in resisting Plaintiffs' attempts to evade the stay order.

At this point, Plaintiffs do not have the materials they seek under the IPRA.  The Attorney General denied their IPRA request and, as noted above, that matter is currently being litigated.  If the immunity issues in this case are resolved in Plaintiffs' favor, they will eventually be permitted to seek these materials from Defendant in discovery; if the issues are resolved in Defendant's favor, Plaintiffs will arguably have no need for these materials.  Delaying access to the materials cannot, therefore, prejudice Plaintiffs' interests.

On the other hand, for the reasons set forth in both the Order Granting Defendant's Motion for Stay, and the Order to Show Cause, Defendant will suffer prejudice if he is forced to provide materials which are currently the subject of a discovery stay.  In addition, the public policy underlying the principle that governmental bodies should be afforded relief from discovery requests when immunity is at issue would suffer if Plaintiffs are allowed to defy Court orders with impunity.

*See, e.g.*, Ashcroft v. Iqbal, __U.S. __, 129 S. Ct. 1937, 1953 (2009):

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery." [Citation omitted].  There are serious and legitimate reasons for this. If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

In the Order to Show Cause, the Court notified Plaintiffs and their attorney that sanctions as set forth in FED. R. CIV. P. 37(b)(2)(A) could be imposed for violation of the Order, and the Court now finds that imposition of a sanction is appropriate.

The action which should have been taken in this case, *i.e.*, withdrawal of the IPRA request or, alternatively, the response to the Court's order to show cause, is the kind generally taken by counsel, not by clients.  Thus, a sanction of the nature contemplated should be assessed against the attorney.  The Tenth Circuit has stated, "[i]f the fault lies with the attorneys, that is where the impact of sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984).

### Order

Plaintiffs having failed to demonstrate cause why sanctions should not be imposed for their failure to withdraw the IPRA request,

IT IS THEREFORE ORDERED that Plaintiffs' counsel is directed to pay a sanction of $150.00[2];

---

[2] Plaintiffs' counsel may designate a charity of his choice and make a tax-deductible contribution of $150.00.  This sanction serves multiple purposes.  First, it will instill the importance of compliance with court orders; second, in these times of need, it will benefit a charity; and third, by allowing a tax deduction, it will avoid financially penalizing Plaintiffs' counsel.

IT IS FURTHER ORDERED that Plaintiffs' counsel shall certify to the Court within 30 days that the sanction was paid and identify the charity to whom such payment was made.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge