IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LESLEY J. LOWE, ESQ., MARY H. SMITH,
ESQ., and MELANIE CARVER, ESQ.,

        **Plaintiffs,**

vs.                                                                              Civ. No. 10-315 JCH/LFG

STATE OF NEW MEXICO ex rel.
GARY K. KING, Attorney General,
Individually, and in his official capacity,

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' *Objections to Magistrate Judge's Order to Show Cause* [Doc. 27], filed October 4, 2010.  After reviewing the briefing on the underlying Motion for Order to Show Cause [Doc. 21], the Order to Show Cause [Doc. 25], the Order Imposing Sanctions [Doc. 29], the briefing and exhibits related to Plaintiffs' Objections, and the applicable law, and being otherwise fully informed, the Court finds that Plaintiffs' objections are not well taken and will be overruled.

### BACKGROUND

Plaintiffs, all female attorneys employed by the New Mexico Attorney General's Office, filed an Amended Complaint [Doc. 6] on April 5, 2010, alleging that they are paid less than similarly situated male attorneys in the office.  The suit names Defendant in his individual as well as official capacity.

On May 19, 2010, Defendant filed a Motion to Stay [Doc. 10], arguing that, because Defendant raised the issue of Eleventh Amendment immunity in a Motion to Dismiss, the Court

should stay all proceedings, including discovery, until the Motion to Dismiss is resolved.  On May 28, 2010, Magistrate Judge Garcia entered a Memorandum Opinion and Order [Doc. 13] granting Defendant's Motion to Stay, finding that "it would be improper to subject Defendants to the burdens of trial, including discovery, until those [jurisdictional] issues are resolved."  Doc. 13 at 2-3.  Magistrate Judge Garcia therefore stayed "all discovery," but allowed initial disclosures, the submission of a Joint Status Report, and the Rule 16 scheduling conference to proceed.

Plaintiffs' attorney set this controversy in motion on August 23, 2010, by sending a letter to the Custodian of Records at the New Mexico Attorney General's Office that made a request for certain public records pursuant to the Inspection of Public Records Act ("IPRA"), N.M.S.A. (1978) §§ 14-2-1 *et seq*.  *See* Doc. 21, Ex. A.  The letter requested that the Attorney General's Office provide copies of public records relevant to the subject matter of Plaintiffs' suit, including salary history, hiring dates, and promotion dates for each attorney employed by the Attorney General's Office since 1987.  *See id*.

Following a request from Defendant's attorneys that Plaintiffs withdraw their IPRA request, and a subsequent refusal by Plaintiffs, Defendants filed a Motion for Order to Show Cause [Doc. 21] on September 2, 2010.  In a Memorandum Opinion and Order issued on September 28, 2010, Magistrate Judge Garcia granted Defendant's motion and issued an Order to Show Cause directing Plaintiffs to withdraw their pending IPRA request or else to show cause why they should not be held in contempt for violating the Court's discovery stay.  *See* Doc. 25 at 7. The Magistrate Judge found that, even if Plaintiffs would have had the right to the requested materials before filing suit, their attempt to request them after the Court issued a discovery stay was a direct violation of the Court's order and constituted an attempt to make an end-run around the discovery stay. *Id*. at 6-7.

Plaintiffs timely filed this objection to the Magistrate Judge's Order to Show Cause. *See* Doc. 27. However, Plaintiffs did not request that the Order to Show Cause be stayed while their objections were pending with this Court. Neither did Plaintiffs withdraw their IPRA request or show to the Magistrate Judge, by his specified date, why their request should not lead to a sanction. Therefore, on October 15, 2010, Magistrate Judge Garcia issued an Order sanctioning Plaintiffs' attorney for violating the discovery stay. *See* Doc. 29. Plaintiffs' attorney timely paid the imposed sanction. *See* Doc. 30.

## DISCUSSION

Under Fed. R. Civ. P. 72(a), a District Court should modify or set aside a portion of a Magistrate Judge's order on a nondispositive matter only if it finds that the order "is clearly erroneous or is contrary to law." An order is clearly erroneous when, "on the entire evidence [the reviewing court] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Court cannot say that the Magistrate Judge's Order is clearly erroneous or contrary to law. In his Order to Show Cause, Magistrate Judge Garcia noted that, in ordering that all discovery be stayed pending resolution of the sovereign immunity issue, it was his "intention 'to free [Defendant] from the concerns of litigation, including avoidance of disruptive discovery.'" Order [Doc. 25] at 4 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009)). Although Plaintiffs contend that forcing Defendant to respond to their IPRA request, despite the stay, does not subject Defendant to the burdens of litigation, Magistrate Judge Garcia found this position to be contrary to the IPRA's limitations. The IPRA provides every person the right to inspect public records of the state, "except...as otherwise provided by law." NMSA 1978 § 14-2-1(A).

Magistrate Judge Garcia noted that the right to freely inspect public records may be curtailed where there is a contrary statute or countervailing public policy.  *See State ex rel. Newsome v. Alarid*, 90 N.M. 790, 797 (1977).  He found that the policy reasons underlying a stay of discovery in immunity cases constitute a sufficient countervailing public policy such that prohibition of an IPRA request is properly encompassed in a discovery stay.  *See* Order at 5.  The Court cannot say that this interpretation is incorrect.

      Significantly, Magistrate Judge Garcia found that, when Plaintiffs filed their Complaint in federal court, they voluntarily acceded to this Court's jurisdiction, and are now subject to this Courts rulings, including its discovery stay.  Plaintiffs proceeded as if this lawsuit did not exist, requesting materials in the face of the Court's discovery stay and even contacting the opposing party directly rather than contacting Defendant's counsel.  Magistrate Judge Garcia did not find that the mere act of filing a lawsuit eliminates Plaintiffs' rights to submit IPRA requests.  Instead, he found that Plaintiffs' request was improper because it was in direct violation of a specific order of the Court.  In this way, he properly distinguished this case from one cited by Plaintiffs, *Noland v. City of Albuquerque*, No. CIV-08-56 JB/LFG, slip op. at 5 (D.N.M. Oct. 27, 2009).  *Noland* arose in a context in which there was no court order in place staying discovery, but rather only a procedural mechanism (Fed. R. Civ. P. 26(d)(1)) which, by its own language, is not absolute.

      Finally, the Court notes that Plaintiffs' counsel justified his refusal to withdraw his IPRA request "by arguing that the request was made in his capacity as a private citizen, and that the stay of discovery in this case can have no effect on his independent right to make a request under IPRA."  Order Imposing Sanctions [Doc. 29] at 2.  However, "Plaintiffs' counsel acknowledges that he sought materials under IPRA in order to use them in this litigation."  *Id*.  Accordingly, Magistrate Judge Garcia found that it is "disingenuous for Plaintiffs' counsel to assert that he is

simply exercising his right as a private citizen seeking information from a public agency [when h]e is clearly gathering discovery materials for this lawsuit that he was forbidden to gather pending a ruling on the immunity issue raised by Defendant." The Court agrees. It therefore denies Plaintiffs' Objections and affirms Magistrate Judge Garcia's Order.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiffs' *Objections to Magistrate Judge's Order to Show Cause* [Doc. 27] are overruled, and that the Order to Show Cause [Doc. 25] is affirmed.

_____
**UNITED STATES DISTRICT JUDGE**