IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LESLEY J. LOWE, ESQ., MARY H. SMITH,
ESQ., and MELANIE CARVER, ESQ.,

        **Plaintiffs,**

vs.                                             Civ. No. 10-315 JCH/LFG

STATE OF NEW MEXICO ex rel.
GARY K. KING, Attorney General,
Individually, and in his Official Capacity,

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's *Motion to Dismiss* [Doc. 9].  This motion seeks to dismiss Plaintiffs' Count III in its entirety and Plaintiffs' Count IV to the extent that it states a claim against Defendant in his official capacity.  The Court having considered the motion, briefs, exhibits, and relevant law, and being otherwise fully informed, finds that Defendant's motion is well-taken and should be GRANTED.  As the motion does not address Plaintiffs' Counts I and II, those Counts remain, as does Count IV against Defendant in his individual capacity.

## BACKGROUND

Plaintiffs, all female attorneys employed by the New Mexico Attorney General's Office, filed an Amended Complaint [Doc. 6] on April 5, 2010, alleging that they are paid less than similarly situated male attorneys in their office.  The suit names Defendant in his individual as well as official capacity.  Plaintiffs' Amended Complaint states four Counts: (I) violation of the Equal Pay Act, 29 U.S.C. § 206(d); (II) discrimination on the basis of sex in violation of Title VII

of the Civil Rights Act; (III) discrimination on the basis of sex in violation of the New Mexico Human Rights Act ("NMHRA"); and (IV) violation of 42 U.S.C. § 1983.  Defendant seeks to dismiss certain claims pursuant to Fed. R. Civ. P. 12(b)(1) and the Eleventh Amendment to the Constitution of the United States.  Defendant acknowledges that Plaintiffs' claims brought pursuant to the Equal Pay Act and Title VII are not subject to an Eleventh Amendment immunity defense, and he does not seek to dismiss them in this motion.  *See* Motion to Dismiss (hereinafter "Def't. Mot.") [Doc. 9] at 3.

## ANALYSIS

Under Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss a claim for lack of subject matter jurisdiction.  In their Response to Defendant's Motion to Dismiss (hereinafter "Pl. Resp.") [Doc. 11], Plaintiffs contend that Defendant's motion is untimely, because motions asserting defenses under Rule 12(b) must be made before a pleading if a responsive pleading is allowed.  *Id*. at 8.  This contention is wrong for two reasons.  First, a motion challenging subject matter jurisdiction may be brought at any point during litigation.  *See United Keetoowah Band of Cherokee Indians v. Oklahoma*, 927 F.2d 1170, 1173 n.8 (10th Cir. 1991).  Second, the motion was electronically filed simultaneously with Defendant's Answer, rather than after the Answer. Thus, the Court will accept the motion as timely filed.

Plaintiffs also claim that Defendant's motion should be treated as a motion to dismiss for failure to state a claim under Rule 12(b)(6), rather than as a motion contesting subject matter jurisdiction under Rule 12(b)(1), because "subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case," so that the factual basis for the claims and the question of subject matter jurisdiction are intertwined.  *See* Pl. Resp. at 1-2 (quoting *United States ex rel. Sikkenga*, 472 F.3d 702, 717 (10th Cir. 2006)).  However, Defendant is

making a facial attack on the Amended Complaint's allegations as to subject matter jurisdiction, based on whether certain of the statutes under which Plaintiffs are suing allow for Defendant to be sued. Thus, it is unnecessary for the Court to examine the factual basis for Plaintiffs' claims to reach the issue of proper jurisdiction, and all of the factual allegations in Plaintiffs' Amended Complaint are accepted as true for purposes of resolving this motion. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

    A.    <u>NMHRA Claims Against Defendant in his Official Capacity</u>

The Eleventh Amendment to the United States Constitution protects states, their agencies, and their officers acting in their official capacities from suit in federal court, unless the state expressly and unequivocally waives its sovereign immunity or the United States Congress validly abrogates the state's immunity. *See Meade v. Grubbs*, 841 F.2d 1512, 1524-25 (holding that the Oklahoma Attorney General's office is subject to Eleventh Amendment immunity). Although the express language of the Eleventh Amendment bars only suits brought against a state by citizens of another state, it has long been settled that the Amendment also bars suits against a state by its own citizens, as in this case. *See id* at 1525. The Tenth Circuit has held that "[t]he test for determining whether a State has waived its Eleventh Amendment immunity from federal-court jurisdiction is a stringent one and in the absence of an unequivocal waiver specifically applicable to federal-court jurisdiction, we will not find that a State has waived its constitutional immunity." *Ellis v. Univ. of Ks. Med. Ctr.*, 163 F.3d 1186, 1195 (10th Cir. 1999) (internal citations omitted).

Count III of Plaintiffs' Amended Complaint for alleged violations of the NMHRA is predicated upon state law. Nonetheless, state defendants are still granted the protections afforded to them by the Eleventh Amendment against state law claims brought into federal court under supplemental jurisdiction. *See Pennhurst State Sch. Hosp. v. Halderman*, 465 U.S. 89, 120

(1984).  Thus, absent waiver, this Court may not exercise jurisdiction over a state law claim against the state consistent with the Eleventh Amendment.  *See Lujan v. Regents of the Univ. of Ca.*, 69 F.3d 1511, 1522-23 (10th Cir. 1995) (state law claims brought in federal court pursuant to that court's supplemental jurisdiction are subject to an Eleventh Amendment immunity analysis).

Plaintiffs' contention that "[t]he state has consented to suits under the [NMHRA], so Defendant cannot assert immunity as a defense," Pl. Resp. at 7, is misguided.  The NMHRA provides a basis for suit against the state of New Mexico in New Mexico *state* courts.  *See Gill v. Public Employees Retirement Bd.*, 135 N.M. 472, 482 (2004).  However, Plaintiffs' Amended Complaint provides no jurisdictional allegations demonstrating that the State of New Mexico has unequivocally consented to suit in *federal* court on NMHRA claims, and the NMHRA itself does not constitute any such waiver of Eleventh Amendment immunity.  Plaintiff's citation to *Mirzai v. New Mexico Gen. Serv. Dep't*, 506 F. Supp. 2d 767, 781 (D.N.M. 2007) as supporting federal jurisdiction for an NMHRA claim against a state agency is similarly unavailing.  The defendant in *Mirzai* removed the case to federal court on the basis of a federal question, thus waiving the sovereign immunity from federal suit that it would otherwise have enjoyed.  *See id*. at 773-74.  Because the State of New Mexico has not expressly consented to suit in federal court on claims brought pursuant to the NMHRA, such suits are barred by the Eleventh Amendment, and the NMHRA claim against Defendant in his official capacity is dismissed for lack of subject matter jurisdiction.

    B.    <u>NMHRA Claims Against Defendant in his Individual Capacity</u>

Defendant claims that Plaintiffs' NMHRA claims against him in his individual capacity must be dismissed because Plaintiffs have failed to exhaust their administrative remedies against him personally.  While the NMHRA provides the possibility of individual liability on

discrimination claims, "a plaintiff must exhaust his or her administrative remedies against a party before bringing an action in district court against that party." *Sonntag v. Shaw*, 130 N.M. 238, 243 (2001); *see also Mitchell-Carr v. McLendon*, 127 N.M. 282, 286 (1999) (holding that summary judgment was properly granted against NMHRA claimants seeking to hold individuals personally liable, because plaintiffs had failed to name those individuals as respondents in their complaint to the New Mexico Human Rights Division). Plaintiffs' Charges of Discrimination, filed with the New Mexico Human Rights Division, list only "NM Office of Attorney General" as the alleged discriminating party. *See* Charges of Discrimination, attached as Exs. A-C to Def't. Mot. [Doc. 9]. Where a discrimination charge filed with the NMHRA names only a corporation or entity as a respondent, and fails to name an individual personally, that charge fails to exhaust administrative remedies as to that individual. *Sonntag*, 130 N.M. at 243. Thus, in neglecting to name Defendant personally in their charges filed with the NMHRA, Plaintiffs have failed to exhaust their administrative remedies against him, and their NMHRA claims against Defendant in his individual capacity must therefore be dismissed.

   C. <u>Plaintiffs' Section 1983 Against Defendant in his Official Capacity</u>

Count IV of Plaintiffs' Amended Complaint states claims brought pursuant to 42 U.S.C. § 1983. Plaintiffs' Amended Complaint does not specify whether these claims are brought against Defendant in his individual capacity, official capacity, or both. Section 1983 claims against a state official acting in his official capacity are barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiffs concede that their claims brought pursuant to Section 1983 do not apply to Defendant in his official capacity. *See* Pl. Resp. [Doc. 11] at 8. Thus, insofar as Plaintiffs' Amended Complaint attempts to state a claim against Defendant in his official capacity, such claims are dismissed. Defendant concedes that, insofar as

Plaintiffs have alleged constitutional violations by Defendant in his individual capacity, such claims are not barred by sovereign immunity.  *See* Defendant's Reply in Support of its Motion to Dismiss [Doc. 18] at 8.  Thus, Section 1983 claims against Defendant in his individual capacity remain at this time.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Dismiss* is GRANTED.  Count III of Plaintiffs' Amended Complaint is dismissed in its entirety, and Count IV of the Amended Complaint is dismissed to the extent that it states a claim against Defendant in his official capacity.  All other Counts remain.

_____
**UNITED STATES DISTRICT JUDGE**