IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LESLEY J. LOWE, ESQ., MARY
H. SMITH, ESQ., and MELANIE
CARVER, ESQ.,

        Plaintiffs,

 vs.                                                     CIVIL NO.  10-315 JH/LFG

STATE OF NEW MEXICO ex rel,
GARY K. KING, Attorney General,
individually, and in his official capacity,

        Defendant.

## ORDER STAYING DISCOVERY

THIS MATTER is before the Court on Defendant's Renewed Motion to Stay All Proceedings [Doc. 44]. As the Court earlier advised that a stay of discovery would be imposed, no response is necessary. While Defendant requests a stay of all proceedings, it is clear that Defendant is requesting a stay of discovery.

Defendant earlier filed a motion to stay based on the expected filing of a motion for qualified immunity [Doc. 40]. The Court denied the stay because the request was premature, as no motion had yet been filed [Doc. 41]. The Court noted, however, that "Defendant will be entitled to a stay of discovery when a motion [raising the defense of qualified immunity] is before the Court," and that "once the motion is filed . . . Defendant is entitled to a stay of discovery." On March 18, 2011, Defendant filed his motion for summary judgment based on qualified immunity [Doc. 43].

The defense of qualified immunity not only protects governmental officials who perform discretionary functions from liability, but also from the burdens of trial, including discovery. Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004). Thus, when a defendant files a motion

raising qualified immunity, the court has little discretion, and discovery must be stayed pending resolution on the question of qualified immunity. *See* Workman v. Jordan, 958 F.2d 332, 335-36 (10th Cir. 1992).

In 2009, the United States Supreme Court reiterated the importance of a stay of all discovery when qualified immunity is before the court.

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery." Siegert v. Gilley, 500 U.S. 226, 236, 111 S. Ct. 1789, 1114 L. Ed. 2d 277 (1991)(Kennedy J., concurring in judgment). There are serious and legitimate reasons for this. If a government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1953 (2009). The Supreme Court's decision also makes clear that all discovery is to be stayed.

> It is no answer to these concerns to say that discovery for petitioners [individuals entitled to assert qualified immunity] can be deferred while pretrial proceedings continue for other defendants [those not entitled to assert qualified immunity]. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

Id.

Defendant, having filed a motion for summary judgment based on qualified immunity, as indicated earlier by the Court, was entitled to a stay of discovery from the time the motion was filed.

Plaintiffs may find themselves in a tenuous position. That is, a motion for summary judgment based on qualified immunity is before the Court, and Plaintiffs may not yet have conducted discovery sufficient to allow them to respond to the motion. Should Plaintiffs believe that some discovery is necessary to allow a response to the motion, they should proceed by way of Fed. R. Civ. P. 56(d)(previously Rule 56(f)) affidavit. The affidavit must do more than simply indicate that Plaintiffs would like to engage in discovery. Rather, it must be pointed and specific, and must disclose what discovery Plaintiffs wish to take, and, more importantly, how that discovery will assist in overcoming Defendant's *prima facie* showing. Ben Ezra, Weinstein & Co. v. America Online Inc., 206 F.3d 980, 987 (10th Cir.2000).

Upon the filing of the Rule 56(d) affidavit, Plaintiffs' time to respond to Defendant's motion for summary judgment will be stayed. The referral magistrate judge will review the Rule 56(d) affidavit, and if the magistrate judge concludes that Plaintiffs have made a sufficient case for discovery under the Ben Ezra standard, a supplementary scheduling order will issue authorizing discovery limited to the issues raised on qualified immunity. *See* Maxey by Maxey v. Fulton, 890 F.2d 279, 282, 283 (10th Cir. 1989).

In the scheduling order, the Court will indicate what discovery is permitted, when the discovery will end, and will assign a new response date to Defendant's motion for summary judgment. Alternatively, if the Court determines that the affidavit is deficient under Ben Ezra, the Court will deny discovery, but will nonetheless calculate a new response date to the pending motion so that Plaintiffs will have their full measure of time to respond.

Pursuant to the Court's earlier and present ruling, discovery is stayed pending the Court's consideration and disposition of the motion for summary judgment.

SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge