IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LESLEY J. LOWE, ESQ., MARY
H. SMITH, ESQ., and MELANIE
CARVER, ESQ.,

        Plaintiffs,

  vs.                                                 CIVIL NO.  10-315 JH/LFG

STATE OF NEW MEXICO ex rel,
GARY K. KING, Attorney General,
individually, and in his official capacity,

        Defendant.

## **ORDER DENYING REQUEST FOR SANCTIONS**

       THIS MATTER is before the Court on Plaintiffs' Motion for Sanctions for Failure to Appear for Deposition [Doc. 45].  The Court considered the motion, response and reply [Docs. 45, 50, 52], and determines that oral argument is not necessary.

       Plaintiffs contend that after Attorney General King ("King") provided a date on which his deposition could be taken, he failed to appear and failed to file a motion for protective order.  King contends that while an available date was provided, he never received notice that the deposition was actually scheduled.  Additionally, he contends that as a result of his filing a motion to dismiss based on qualified immunity, and the Court's earlier order [Doc. 41] indicating that upon the filing of the motion, discovery would be stayed, he is not in violation of any discovery obligation.

### **Analysis**

      Fed. R. Civ. P. 37(d) allows for sanctions when a party fails to appear for a deposition after being served with proper notice.  Steven Baicker-McKee, William M. Janssen & John B. Corr,

Federal Civil Rules Handbook 916 (2011 ed.).  An intentional violation may result in sanctions, but the decision on whether to impose a sanction is subject to the Court's broad discretion.

> Rule 37(d) states that the court may impose whatever sanctions are "just," including those listed in Rule 37(b)(2)(A) . . . .
>
> . . . The court has broad discretion in deciding what sanctions to impose, and an award of sanctions is reviewed for abuse of discretion.  The court can consider all the circumstances, such as whether the failure was accidental or in bad faith in determining the sanctions to impose.

Id. at p. 917.

King agrees that his office provided a date on which his deposition could be taken, but, thereafter, received no notice that the deposition was actually set.  He contends that he was unaware the deposition was going forward.  Therefore, he did not intentionally fail to attend the deposition.  Plaintiffs, on the other hand, contend that notice of a deposition was provided.

It is clear that a clerical error of some kind occurred.  It matters not whether the error was the fault of Plaintiffs who believe that the notice was sent, or that of King who says he didn't receive the notice.  Johnson v. Hathcock Truck Lines, 162 F.3d 1173 (Table Text in Westlaw), 1998 WL 717273, at *5-6 (10th Cir. Oct. 14, 1998)(court declined to impose sanction caused by clerical oversight).

Because the Court finds no intentional or willful violation of a discovery obligation, the Court determines that sanctions are inappropriate.  *See* Patterson v. C.I.T. Corp., 352 F.2d 333, 336 (10th Cir. 1965)(while court has discretion to impose penalties under Rule 37(d), sanction is warranted only where failure was willful).

Because the Court concludes the failure to attend was not willful and that sanctions are unwarranted, it need not address King's alternative argument.

Accordingly, the Court DENIES Plaintiffs' Motion for Sanctions.

SO ORDERED.

                                                                                            */s/ Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge