**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LESLEY J. LOWE, ESQ., MARY
H. SMITH, ESQ., and MELANIE
CARVER, ESQ.,

                Plaintiffs,

   vs.                                    CIVIL NO.  10-315 JH/LFG

STATE OF NEW MEXICO ex rel,
GARY K. KING, Attorney General,
individually, and in his official
capacity,

                Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DISCOVERY REQUESTED IN PLAINTIFFS' RULE 56(d) AFFIDAVIT

      THIS MATTER is before the Court on the Amended Affidavit of Plaintiffs' Counsel [Doc. 49], filed March 28, 2011, requesting discovery in order to respond to Defendant's Motion for Summary Judgment as to § 1983 Claim [Doc. 43].  After careful consideration of the pertinent pleadings and applicable law, the Court concludes that Plaintiffs did not meet their burden to show they are entitled to discovery.  The Court's reasoning is set out below.

### Procedural History

      Plaintiffs are three female attorneys working at the New Mexico Office of the Attorney General, who allege, *inter alia*, that they have been paid less than similarly situated male attorneys. In April 2010, Plaintiffs filed a Complaint and then an Amended Complaint against Defendant Gary K. King ("the Attorney General" or "Defendant").  They assert violations of the Equal Pay Act, Title VII of the Civil Rights Act, the New Mexico Human Rights Act, and 42 U.S.C. § 1983. [Doc. 6.]

1

On May 11, 2010, Defendant filed a partial motion to dismiss that was granted. [Doc. Nos. 9, 37.] As a result, Plaintiffs' § 1983 claim against the Attorney General in his official capacity and the claim under the New Mexico Human Rights Act were dismissed.  Thus, the remaining claims are: (1) alleged violations of the Equal Pay Act (Count I) in the Attorney General's individual and official capacities; (2) alleged violations of Title VII (Count II) in the Attorney General's individual and official capacities; (3) alleged violations of § 1983 in the Attorney General's individual capacity (Count IV); and (4) Plaintiff Melanie Carver's alleged retaliation claims.

On March 18, 2011, Defendant filed a motion for partial summary judgment as to Plaintiffs' § 1983 claim (Count IV), as asserted against the Attorney General in his individual capacity. [Doc. 43.] The motion seeks summary judgment as to this claim based on qualified immunity.  On March 21, 2011, Defendant filed a motion to stay discovery pending a decision on the motion for partial summary judgment. [Doc. 44.] On March 24, 2011, the Court entered an Order staying all discovery until the District Court's rules on the qualified immunity motion. [Doc. 46.]

On April 6, 2011, Plaintiffs filed objections to the Court's Order staying discovery. [Doc. 56.] They argue, in part, that the Stay Order is clearly erroneous and contrary to law because it ignored Plaintiffs' claims for injunctive relief. [Doc. 56, p. 1.] On April 25, 2011, Defendant filed a response to the objections. [Doc. 59.]  That motion is being briefed or pending before the District Judge.

At issue before this Court is Plaintiffs' Amended [Rule 56(d)] Affidavit of Counsel seeking certain discovery in order to respond to the motion for partial summary judgment.

## Qualified Immunity Motion and Rule 56(d) Affidavit

In order to assess whether certain discovery should be allowed in this case, the Court examines Defendant's Motion for Summary Judgment [Doc. 43] and Plaintiffs' Rule 56(d) Affidavit of Counsel [Doc. 49].[1]

Defendant's motion seeks summary judgment as to Plaintiffs' § 1983 claim asserted against the Attorney General in his individual capacity. Defendant attached the affidavits of the Attorney General to the motion. The Attorney General testified under oath that he did not personally negotiate the terms of Plaintiffs' employment or starting salaries. [Doc. 43, Gary King Aff., ¶ 8.] The Attorney General further testified that attorneys at his Office in Plaintiffs' classification level "are not all considered equal in terms of skill set, experience, and competence, and are, therefore not all paid the same salary." [Id., ¶ 6.] The Attorney General also testified that the Attorney General's Office takes various factors into account when setting salaries, including management responsibilities, complexity of duties, relevant legal experience, and special skill sets. [Id., ¶ 7.] The New Mexico Department of Finance and Administration makes the decision whether or not to approve salary increases other than scheduled first year increases. [Id., ¶ 11.]

Defendant argues in the summary judgment motion that Plaintiffs cannot establish a constitutional violation under § 1983 because "personal participation is an essential allegation in a § 1983 claim." Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citation omitted). According to Defendant, it is undisputed that the Attorney General had no personal participation in the negotiation of Plaintiffs' salaries based on his affidavit testimony. Thus, without evidence that

---

[1]While Defendant argues in its response to the objections that Plaintiffs' affidavit should have been accompanied by a motion [Doc. 59, p. 7; *see also* Doc. 51, Notice of Deficiency], Plaintiffs' affidavit clearly requests certain discovery in this case, and the Court will not deny the request on technical grounds alone.

the Attorney General personally participated or acted with deliberate indifference with respect to an alleged § 1983 violation, Plaintiffs cannot demonstrate the first of the two-prong requirement to overcome a defense of qualified immunity – that a defendant violated a constitutional right.  *See, e.g.,* Foote v. Spiegel, 118 F.3d 1416, 1423-24 (10th Cir. 1997) (individual liability under § 1983 must be based on personal involvement in an alleged constitutional violations) (citation omitted).

In addition, Defendant asserts that even if Plaintiffs could present evidence of personal, deliberate involvement on the part of the Attorney General, Plaintiffs have no evidence that the alleged violated constitutional right was clearly established.  According to Defendant's attached affidavit, the attorney salaries at the Attorney General's office are based on a variety of factors, none of which are discriminatory.  Defendant's position is that Plaintiffs essentially claim they are entitled to a seniority-based or some other single-factor wage system.  Defendant argues it could not locate any case law to support the position that an employer's practice of setting salaries based on market factors, experience, and required duties constitutes a violation of clearly established law. [Doc. 43.]

In order to respond to and rebut the motion for partial summary judgment, Plaintiffs' Counsel's Rule 56(d) Affidavit requests the following discovery:

1. . . . . Plaintiffs need discovery that (1) illuminates Defendant King's knowledge during the events at issue in this case; (2) provides a complete picture of the investigative steps taken regarding the allegations in the complaint; and (3) discloses the rationale regarding Defendant King's decisions regarding Plaintiffs' salaries.

2. . . . . Plaintiffs seek discovery regarding the knowledge Defendant King had when he met with Plaintiffs regarding their allegations of pay disparity.

3. Plaintiffs also seek discovery regarding Defendant King's personal participation in what Plaintiffs allege is a deprivation of their rights to equal pay.

4

> 4.    Plaintiffs also seek discovery regarding the bases for the salaries in
> the Office of the Attorney General.

[Doc. 49, ¶¶ 4-7.] Plaintiffs further state this discovery "will permit [them] to create issues of fact

as to the factual underpinnings of Defendant King's assertion of qualified immunity by showing that

Defendant King violated Plaintiffs' clearly established statutory rights." [Doc. 49, ¶ 8.] In addition,

Plaintiffs aver that this discovery is the only means they have to obtain the requested information.

They have availed themselves of other methods of obtaining the requested information without

success.   [Doc. 49, ¶ 9.] They assert that this request for limited discovery would include a

deposition of the Attorney General. [Doc. 49, ¶ 11.]

## Analysis

### A.    Legal Standard

On various occasions, the Tenth Circuit Court of Appeals has addressed whether to permit

limited discovery for purposes of responding to a motion for qualified immunity.  *See, e.g.,* Trask

v. Franco,[2] 446 F.3d 1036, 1041-42 (10th Cir. 2006) (district court did not abuse discretion in

---

[2]In Trask, the Tenth Circuit explained the importance of qualified immunity for government officials.  "The defense of qualified immunity shields government officials performing discretionary functions from liability for civil damages arising from claims brought against them in their individual capacities.  In establishing the defense, the Supreme Court has attempted to balance the protection of civil rights and 'the need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority.' Individual government actors retain their immunity unless the plaintiff can show that they violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Trask, 446 F.3d at 1042 (internal citations omitted).  The Tenth Circuit has stated on more than one occasion that additional discovery requests in the context of qualified immunity motions are viewed with a more restrictive eye. *See, e.g.,* Jones, 854 F.2d at 1211. Compelling a defendant to submit to the proposed discovery essentially robs him of the benefit of the qualified immunity defense, should qualified immunity be granted.  Here there is a single defendant. *Compare* Ashcroft v. Iqbal, 129 S.Ct. 1937, 1943 (2009) (finding that discovery for all defendants, not just the individual asserting qualified immunity, are entitled to a stay of discovery).  To compel the Attorney General to respond to the broad and general discovery requested by Plaintiffs Rule 56(d) affidavit (as discussed in detail in this opinion) would deprive Defendant of the benefit qualified immunity intends to bestow on government officials.

denying additional discovery where Rule 56(f)[3] affidavits neither identified any "probable facts not available," nor stated with specificity how the additional material would rebut qualified immunity motion) (citation omitted);  Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992) (if discovery is allowed to respond to a qualified immunity motion, it "must be tailored specifically to the question of [defendant]'s qualified immunity") (citation omitted); Jones v. City and County of Denver, Co., 854 F.2d 1206, 1210-11 (10th Cir. 1988) (noting that party filing Rule 56(f) affidavit must show what additional discovery will enable him to rebut movant's allegation of no genuine issue of material fact; court's discretion is limited when determining whether to allow discovery when a qualified immunity motion is filed).

In Lewis v. City of Ft. Collins, 903 F.2d 752, 758-59 (10th Cir. 1990), the Tenth Circuit examined a similar request for additional discovery, concluding that the plaintiff's Rule 56(f) affidavit failed to demonstrate how the requested discovery would raise a genuine issue as to the defendants' qualified immunity claim.  In Lewis, the district court deferred a final ruling on the qualified immunity motion pending requested discovery.  However, the circuit court found that the trial court abused its discretion in doing so because the Rule 56(f) affidavit contained "inspecific references" that were "simply insufficient to meet Rule 56(f) muster when defendants' claim of qualified immunity [was] at issue."  The plaintiff in Lewis did not explain how the specific documents or depositions would assist in rebutting the defendants' showing of objective reasonableness.  "Rule 56(f) is not a license for a fishing expedition, especially when summary judgment is urged based on a claim of qualified immunity."  Id. at 759.

---

[3]The operative language of Rule 56(d) was previously found at Rule 56(f), prior to the 2010 amendments to the rules.

6

The Court, in <u>Lewis</u>, further discussed "objective reasonableness" in terms of a qualified immunity defense.

> Government officials performing discretionary functions are entitled to qualified immunity insofar as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow</u> [v. Fitzgerald, 457 U.S. 800, 818 (1982)] crafted this "objective reasonableness" standard for determining the availability of the qualified immunity defense in order to "avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment." However, in some cases, the determination of the "objective" reasonableness of an official's conduct rests on establishing whether the defendant acted with an impermissible motive or intent - a highly "subjective" factual element. Such is the case here [where the plaintiff alleged age, race and sex discrimination and an equal protection claim brought under § 1983.]" . . . Absent a discriminatory motive or intent, appellants' challenged conduct would not violate clearly established law.

<u>Id.</u> at 754-55 (internal citations omitted). The Tenth Circuit explained that when a defendant's subjective intent is an element of a plaintiff's claim and the defendant moves for summary judgment based on qualified immunity, the defendant must make a prima facie showing of the "objective reasonableness of the challenged conduct. <u>Id.</u> at 755 (internal citation omitted).

Similar to the claims and defenses in <u>Lewis</u>, these Plaintiffs challenge the objective reasonableness of Defendant's salary decisions, to the extent the Attorney General personally participated in such decisions, which he denies. As in <u>Lewis</u>, *see id.* at 755-56, the Attorney General submitted affidavits in an attempt to establish the objective reasonableness of the salary decisions at issue. Once the defendant makes a showing of objective reasonableness, the "plaintiff may avoid summary judgment only by pointing to specific evidence that the official's actions were improperly motivated" or by presenting a Rule 56(f) affidavit showing specific discovery that is essential to raising a genuine issue of fact. <u>Id.</u> at 758 (citation omitted).

7

The Tenth Circuit further observed that Rule 56(f) discretion "must be limited when a summary judgment motion is based on qualified immunity because insubstantial lawsuits 'against government officials [should] be resolved *prior to discovery and on summary judgment* if possible.' Liberal application of [R]ule 56(f) should not be allowed to subvert the goals of <u>Harlow</u> and its progeny." <u>Id.</u> (emphasis in original) (citation omitted). *See also* <u>Jones</u>, 854 F.2d at 1211 (Rule 56[d] discretion is further restricted in the face of a summary judgment motion based on qualified immunity).

Thus, a successful Rule 56(d) affidavit must demonstrate "*how* discovery will enable them to rebut a defendant's showing of objective reasonableness" or, stated alternatively, demonstrate a "connection between the information he would seek in discovery and the validity of the [defendant's] qualified immunity assertion." <u>Lewis</u>, 903 F.2d at 758 (citation omitted) (emphasis in original).

### B.  Discussion of Rule 56(d) Affidavit

Plaintiffs' Amended Affidavit [Doc. 49] fails to state with sufficient particularity how the requested discovery will enable them to rebut the Attorney General's affidavit testimony that he had no personal involvement in the salary decisions at issue or that the attorneys' salaries in the Attorney General Office are based on lawful, non-discriminatory criteria.  Stated differently, Plaintiffs' Rule 56(d) affidavit demonstrates no specific connection between information Plaintiffs seek in discovery and Defendant's qualified immunity assertion.

Instead, Plaintiffs' Rule 56(d) affidavit is either conclusory or too general in nature.  For example, they seek to "show that Defendant King's actions were not objectively reasonable" but they fail to state how the requested information impacts the objective reasonableness inquiry. Specifically, Plaintiffs seek discovery that "illuminates Defendant King's knowledge during the

events at issue" and they request "a complete picture of the investigative steps" taken regarding allegations in the complaint. However, this requested discovery is a *general* request for the Attorney General's "knowledge" of events, including his knowledge in meeting with Plaintiffs on one occasion. Plaintiffs supply no link between their requests for information of King's "knowledge" or "investigative steps" taken and the Attorney General's showing of objective reasonableness or his sworn denial of personal participation in salary decisions. The Attorney General's "knowledge of events" alone does not show personal participation in the salary decision-making process, nor does it demonstrate that any actions he may have taken were not reasonably objective.

Plaintiffs fail to show how the Attorney General's knowledge, the investigative steps taken, or Defendant's deposition on these matters will aid in rebutting Defendant's qualified immunity assertion. The requests are open-ended and non-specific in terms of the qualified immunity defense and more akin to an impermissible fishing expedition.

Plaintiffs also seek the "rationale" regarding the Attorney General's alleged decisions regarding Plaintiffs' salaries and discovery concerning the Attorney General's "personal participation in the alleged deprivation of equal pay rights." Yet Plaintiffs fail to describe with particularity the "probable facts not available" that might tend to show the Attorney General made any decisions about the salaries or personally participated in those decisions. *See* Libertarian Party of N.M. v. Herrera, 506 F.3d 1303, 1308 (10th Cir. 2007) (non-qualified immunity case stating that Rule 56(f) request must identify "probable facts" not available and why facts precluding summary judgment cannot be presented without the requested discovery) (citation omitted). This is particularly significant where the Attorney General provided a sworn statement denying personal participation. Thus, the requests are improperly conclusory rather than meeting the requirement that the requesting party state with specificity how the discovery will aid in rebutting the qualified

immunity defense.  The requests, in other words, are not "narrowly tailored" to the discrete issues of qualified immunity.  *See* <u>Ben Ezra, Weinstein & Co. v. AOL, Inc.</u>, 206 F.3d 980, 987 (10th Cir.) (holding that, under Rule 56(f), nonmoving party seeking additional discovery must demonstrate *precisely* how additional discovery will lead to a genuine issue of material fact) (emphasis added), *cert. denied*, 531 U.S. 824 (2000); <u>Maxey by Maxey v. Fulton</u>, 890 F.2d 279, 283 (10th Cir. 1989) (discovery must be "narrowly tailored" to the question of qualified immunity).

Plaintiffs' Rule 56(d) affidavit also requests discovery regarding the "bases for the salaries in the Office of the Attorney General."  Again, the Attorney General provided sworn testimony as to how salaries are determined.  Plaintiffs failed to state with sufficient specificity how the requested information will rebut the qualified immunity assertion.  The request does not adequately demonstrate a connection between the information sought and the validity of the qualified immunity defense.  Plaintiffs, for example, do not state how this discovery will rebut a showing of objective reasonableness in salary determinations or that the Attorney General played no role in these salary decisions.  Instead, Plaintiffs summarily claim this requested discovery will allow them to "create issues of facts as to the factual underpinnings of Defendant King's assertion of qualified immunity by showing [he] violated Plaintiffs' clearly established statutory rights."  Plaintiffs neither identify with particularity the probable issues of fact that will be demonstrated or the "factual underpinnings" to which they vaguely refer.  The Rule 56(d) affidavit is devoid of any specific facts Plaintiffs expect to uncover through the requested discovery.  *See, e.g.,* <u>Lewis</u>, 903 F.2d at 758 (while the Rule 56(f) affidavit specified information sought in discovery, affidavit failed to demonstrate connection between requested discovery and validity of qualified immunity assertion).  The affidavit seeks general discovery, not the "narrowly tailored," precise discovery allowed in this circuit.

## Conclusion

In sum, the Court concludes Plaintiffs failed to meet their burden in demonstrating with specificity how the requested discovery is linked to the validity of the qualified immunity defense. Plaintiffs' affidavit neither specifies particular documents or testimony they seek, but rather makes requests for general discovery that appears more relevant to the substance of their claims than to the assertion of qualified immunity. The Rule 56(d) affidavit lacks requisite specificity.

Because of the deficiencies described above and consistent with the Court's limited discretion in allowing discovery in view of a summary judgment motion based on qualified immunity, the Court denies the request for additional discovery. *See* Anderson v. Creighton, 483 U.S. 635, 640 n.2 (1987) (Rule 56(f) discretion limited when qualified immunity motion filed because insubstantial lawsuits "against government officials [should] be resolved prior to discovery and on summary judgment if possible.")

Plaintiffs will be allowed the full response time, calculated from the date of this Order, to file a response to Defendant's Motion for [Partial] Summary Judgment.

SO ORDERED.

*Lorenzo F. Garcia*

Lorenzo F. Garcia
United States Magistrate Judge