IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LESLEY J. LOWE, ESQ., MARY
H. SMITH, ESQ., and MELANIE
CARVER, ESQ.,

        Plaintiffs,

vs.                                             CIVIL NO.  10-315 JH/LFG

STATE OF NEW MEXICO ex rel.,
GARY K. KING, Attorney General,
individually, and in his official capacity,

        Defendants.

**AMENDED MEMORANDUM OPINION AND ORDER[1]
DENYING DEFENDANTS' RENEWED MOTION FOR SANCTIONS**

THIS MATTER is before the Court on Defendants' Renewed Motion for Order to Show Cause [Doc. 72]. The Court considered the motion [Doc. 72], response [Doc. 73] and reply [Doc. 74], and determines that oral argument is not necessary.

Defendants request that the Court enforce its prior Order Staying Discovery by sanctioning Plaintiffs' counsel, Daniel M. Faber ("Mr. Faber"), for violating the Court's discovery stay order [Doc. 46]. Defendants request the assessment of a monetary sanction equal to the sanction imposed on Defendants by a state court's contempt order.[2]

In order to fully explain its ruling, the Court summarizes the previous pertinent rulings, along with the applicable legal standards. The Court also discusses pleadings

---

[1] This amended opinion is filed to correct a typographical error on page 2 of the original Memorandum Opinion and Order, now in the first sentence on page 3 ("initiated by" is now "initiated against").

[2] The Court is apprised that the state court sanction, one imposed on Defendants but paid for by taxpayers, is approximately $20,000.

filed by both parties, as they relate to this issue. For the following reasons, the Court denies the request for the order to show cause and for imposition of new sanctions.

## Background

On May 28, 2010, this Court granted Defendants' motion to stay proceedings, including discovery, based in part on a potential defense of Eleventh Amendment immunity. [Doc. 13]. In its decision, the Court thoroughly explained why discovery typically is stayed when a defense of immunity is raised. For example, the United States Supreme Court's decision in Ashcroft v. Iqbal, __ U.S. __ 129 S. Ct. 1937 (2009), and the Tenth Circuit Court of Appeals' decision in Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004), mandate a complete stay of discovery when a party seeks dismissal of a lawsuit on the basis of qualified immunity issues.[3] *See* Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992).

In its May 28 ruling, this Court further explained that immunity not only protects governmental officials who perform discretionary functions from liability, but also protects them from the burdens of trial, including discovery. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). If a defendant is forced to participate in discovery pending resolution of a motion to dismiss, that defendant loses the very benefit of the immunity defense. *See* Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The stay is intended to be temporary and lasts only through the time the court considers and rules on the question of immunity. Stated differently, when the Court issued the stay of discovery, it did not rule that Plaintiffs could never obtain the documents they sought.

---

[3]The rationale for imposing a stay when the defense of qualified immunity is before the court applies with equal force when Eleventh Amendment immunity is present. *See* Camper v. Coyne, 2010 WL 5158398, at *1 (D. Colo. Dec. 14, 2010)("Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of distruptive discovery.").

The Court's May 28 decision also cited extensively from Ashcroft v. Iqbal, explaining that *all* discovery was to be stayed, not only discovery initiated against the qualified immunity defendant. [Doc. 13, pp. 13-14]. Thus, even discovery sought from non-qualified immunity defendants must be stayed under the pertinent principles. Ashcroft v. Iqbal, 192 S.Ct. at 1953. This is true because a benefit of the immunity defense–the avoidance of the burdens and expense of discovery–would be nothing more than a hollow promise if discovery were permitted under these circumstances.

About three months after the May 28 stay order, Plaintiffs' counsel sent Defendants an Inspection of Public Records Act ("IPRA") Request, seeking information arguably relevant to the claims and defenses in this case. [Doc. 21, Ex. A.] Defendants denied the IPRA request, contending that the request was an improper attempt to circumvent the stay of discovery. Defendants further asserted that Mr. Faber's IPRA request violated both the Court's order granting a stay and the Rules of Professional Conduct, which forbid an attorney to communicate with an opposing party who is represented by another attorney (NMRA, Rule 16-402).

Defendants requested that Plaintiffs withdraw the IPRA request. When Plaintiffs refused, Defendants filed a Motion for Order to Show Cause why Plaintiffs had not violated the stay order.[4] After considering the pleadings, the Court issued an Order to Show Cause directing Mr. Faber to withdraw the IPRA request or show cause why sanctions should not be imposed for violating a federal stay order by making the IPRA request.[5] [Doc. 25].

---

[4] When Plaintiffs filed their response, Mr. Faber filed suit in New Mexico's Second Judicial District Court to enforce the IPRA request against the New Mexico attorney general (D-202-CV-201010665).

[5] Since Plaintiffs were in federal court, they were required to abide by federal substantive law and procedural law. Erie R.R. v. Tompkins, 304 U.S. 64, 92 (1938); Hanna v. Plamer, 380 U.S. 460, 473-74 (1965), as well as the rules of practice and procedure that govern the disposition of federal civil ca[3]ses and the Court's own orders.

Instead of responding to the show cause order, Plaintiffs' filed objections [Doc. 27], arguing *inter alia* that the IPRA request was made not as Plaintiffs' attorney, but, instead, in Mr. Faber's capacity as a "private citizen."[6]  After consideration of the objections [Doc. 27] and in part because Plaintiffs did not respond to the show cause order, the Court concluded that Mr. Faber's actions violated the Court's stay of discovery order.  The Court directed him to make a $150 donation to a charity of his choice as a penalty for the violation.  [Doc. 29].

In a subsequent Memorandum Opinion and Order, Judge Herrera overruled Mr. Faber's objections. [Doc. 36].  Judge Herrera observed that [by submitting an IPRA request] "Plaintiffs proceeded as if this lawsuit did not exist, requesting materials in the face of the Court's discovery stay and even contacting the opposing party directly rather than contacting Defendant's counsel."  [Doc. 36, p. 4].  Mr. Faber renewed his objections to the show cause order in a pleading that remains pending at this time. [Doc. 48].

On January 14, 2011, Judge Herrera granted in part and denied in part Defendants' Motion to Dismiss.  [Doc. 37].  On the same date, the undersigned Magistrate Judge lifted the initial stay.  [Doc. 38, 39].  Defendants moved to impose another stay, which the Court denied.  However, Defendants later filed a summary judgment motion based in part on immunity defenses.  As required by Supreme Court and circuit precedent, the Court then issued a second stay of discovery pending resolution of the summary judgment motion.  [Doc. 46].  Plaintiffs again filed objections which are before the Court.  [Doc. 56].

With respect to Mr. Faber's state court action concerning Defendants' denial of the IPRA request, Mr. Faber succeeded in arguing to the state district court that Defendants violated the

---

6 "As a private citizen under the Inspection of Public Records Act, N.M. Stat. 14-2-1 to 12 (2010) ("IPRA"), Plaintiffs' counsel Daniel M. Faber requested public records from the AGO . . . ." [Doc. 27, Plaintiffs' Objections to Magistrate Judge's Order to Show Cause at 1].

4

IPRA request (at issue in this federal proceeding). [Doc. 72, Ex. A.] The state court issued a writ of mandamus ordering Defendants to respond to the IPRA request. Defendants are appealing the state court action. However, should Defendants lose the appeal, they estimate damages, as high as $20,000, could be assessed against them in the state court action.

### Renewed Motion for Order to Show Cause

On August 23, 2011, Defendants filed their Renewed Motion for Order to Show Cause. [Doc. 72]. Defendants argue that Plaintiffs' counsel should be held in contempt for violating the Court's first and second stays and request an award of damages equal to the amount awarded to Plaintiff by the state court. [Doc. 72]. Defendants further contend that Mr. Faber ignored the federal court's stay order, notwithstanding his purported actions as a "private citizen".

Plaintiffs assert that state substantive law, not federal law, must be applied in deciding the IPRA request. Moreover, Plaintiffs claim that federal courts must follow the most recent decisions of the state's highest court as to state law questions raised under the IPRA. Where there is no such decision, then the federal courts may seek guidance lower court decisions. Thus, Mr. Faber asserts that the state court's decision in the action he initiated provides that very guidance to the federal court. [Doc. 73].

### Analysis

After fully considering the briefing, the Court concludes Mr. Faber's conduct breaches an attorney's duty to the Court and to opposing counsel. Mr. Faber's actions in making the identical discovery request via the IPRA request constitute an improper "end run" to avoid the stricture of the federal court stay order. Indeed, Mr. Faber sought identical information which had been denied him at the Court's front door by a back door artifice. [*See* Doc. 72; attached Exhibits].

In a somewhat analogous situation, Professor Moore, the Dean Emeritus of federal practice, condemned this sort of tactic. A party sought to obtain documents under a Fed. R. Civ. P. 45 subpoena after production of the documents had been denied the party due to the expiration of the Court-imposed discovery deadline. Professor Moore stated that this was improper:

> [Rule 45] should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders.
>
> * * *
>
> [A] Rule 45 subpoena will be treated as a discovery device and may not be used to obtain production of documents from a party after the discovery deadline.

7 James William Moore, et al., Moore's Federal Practice, § 34.02[5][e](3d Ed. 2009). *See also*, Rice v. United States, 164 F.R.D. 556, 557 (N.D. Ok. 1995)(deeming Rule 45 subpoena to constitute discovery device when used in attempt to obtain information after close of discovery). Professor Moore notes that when discovery is stayed by a court, a party should not avoid that stay by artful, alternative discovery methods. Moore's Federal Practice, *supra*.

The same is true here. In the context of ongoing federal litigation where specific discovery was denied a party due to a court-imposed stay, the use of an IPRA request to obtain the same information is improper. In this context, the IPRA is a discovery device. The Court cannot condone Plaintiffs' use of the IPRA to obtain specific records where a discovery stay was in place.

Of equal concern is Mr. Faber's continued disregard of several court orders where the federal court clearly rejected his position and concluded that the use of the IPRA under the present circumstances violated the Court's stay. [Doc. 25, 27]. Judge Herrera similarly considered Mr. Faber's objections and overruled them for reasons consistent with those

articulated by the undersigned Magistrate Judge. [Doc. 36]. Thus, Mr. Faber ignored at least two orders issued by two separate federal judges that precluded discovery.

Moreover, the "end run" to avoid the effect of a federal court stay order placed Defendants in an untenable position. Defendants, having to obey this Court's order on a stay of discovery, declined to produce Mr. Faber's IPRA request, and were thereafter sanctioned for the non-production by a state judge who concluded that an IPRA request was not affected by a federal discovery prohibition. Therefore, by virtue of the state court's contempt order and to avoid additional state court sanctions, Defendants are forced to comply with IPRA requests in this federal case notwithstanding the stay of discovery.

While an attorney is expected to zealously advocate the interests of clients, the attorney must always do so within the bounds of propriety, ethics and professionalism. An attorney does disservice to his client, himself, and to the court by this "winning at any cost" approach to litigation. This conduct is not in keeping with an advocate's responsibilities to the court, his opponent, and the legal profession. Such conduct is disrespectful to the federal court and its orders, and constitutes a breach of the Creed of Professionalism that was adopted in the federal court's local rules. D.N.M.LR-Civ. 83.9.

In his response to the Order to Show Cause, Mr. Faber refers to an earlier ruling of this Court which declined to strike a public records request in the context of litigation. [*See* Doc. 73 at 3-4]. That case, Thompson v. City of Albuquerque, 03-CV-769 MCA/LFG, however, was not against a governmental official; qualified immunity was not at issue; and no order staying discovery had been entered by the court. Thus the reliance on Thompson as authority in this case is misplaced.

Defendants renewed motion asks the Court to impose the same $20,000 sanction on attorney Faber, as he continues to seek discovery via IPRA requests. [*See* Doc. 74, Ex. A]. Should this Court grant Defendants' request for a sanction, it would, in effect, nullify the state court's order.

Rule 37 allows a court to impose sanctions when a party violates a court order regarding discovery. Fed. R. Civ. P. 37(b); Steven Baicker-McKee, William M. Janssen & John B. Corr, Federal Civil rules Handbook, 882 (2010 ed.). The Federal Civil Rules Handbook provides, in pertinent part, that "The court may not impose sanctions under Rule 37(b) unless it has already issued a discovery order with which a party or deponent has failed to comply." Id. at 741 (*citing* In re Williams, 156 F.3d 86, 89 n. 1 (1st Cir. 1998); Nike, Inc. V. Volverine World, Inc., 43 F.3d 644, 647 n. 2 (Fed. Cir. 1994); United States v. Matusoff Rental Co., 204 F.R.D. 396, 398 (S.D. Ohio 2001)).

In the present case, two separate orders staying discovery were entered. [Docs. 13, 46]. Both prohibit any discovery pending resolution of potentially dispositive motions setting forth immunity defenses. Notwithstanding those orders, Plaintiffs, through Mr. Faber, persisted in pursuing discovery. A request for sanctions under the circumstances present here is appropriate, but for the reason hereafter stated, the Court denies the request.

The Court already imposed a modest sanction on counsel. Moreover, the current sanction request, and award equal to the sanctions imposed on Defendants by the state court, would serve only to nullify the state court's order, show disrespect to the state court's ruling, and diminish respect for a state court by interfering with its ruling. Under the principles of comity, this Court will not interfere with a sister court's ruling. *See* Younger v. Harris, 401 U.S. 37, 43-44 (defining "comity" as "a proper respect for state functions" and recognizing that the federal

government "will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."). In addition, the intent of the earlier sanction was to impose a small penalty upon counsel to encourage future compliance with a court's order. Indeed, it was the fact of a sanction rather than the amount that was significant. The Court's intent at curbing similar future conduct failed, and the Court perceives no benefit in imposing severe monetary penalties or causing significant financial hardship

For all these above-stated reasons, the Court denies Defendants' request for an order to show cause and for further sanctions.

IT IS ORDERED that Defendants' Renewed Motion for Order to Show Cause is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge