IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**LESLEY J. LOWE, ESQ., MARY H. SMITH,**
**ESQ., and MELANIE CARVER, ESQ.**,

                    **Plaintiffs,**

**vs.**                                                          **Civ. No. 10-315 JCH/LFG**

**STATE OF NEW MEXICO ex rel.**
**GARY K. KING, Attorney General,**
**Individually, and in his official capacity,**

                    **Defendant.**


### ORDER

This matter is before the Court on Plaintiffs' *Renewed Objections to Magistrate Judge's Order Imposing Sanctions* [Doc. 48]. After reviewing the briefing on the underlying Motion for Order to Show Cause [Doc. 21], the Order to Show Cause [Doc. 25], the Order Imposing Sanctions [Doc. 29], the briefing and exhibits related to Plaintiffs' renewed objections, and the applicable law, and being otherwise fully informed, the Court finds that Plaintiffs' objections are not well taken and will be overruled.

Plaintiffs, female attorneys employed by the New Mexico Attorney General's Office, filed an Amended Complaint [Doc. 6] on April 5, 2010, alleging that they are paid less than similarly situated male attorneys in the office. The suit names Defendant in his individual as well as official capacity.

On May 19, 2010, Defendant filed a Motion to Stay [Doc. 10], arguing that, because he raised the issue of Eleventh Amendment immunity in a Motion to Dismiss, the Court should stay all proceedings, including discovery, until the Motion to Dismiss is resolved. On May 28, 2010,

Magistrate Judge Garcia entered a Memorandum Opinion and Order [Doc. 13] granting

Defendant's Motion to Stay, finding that "it would be improper to subject Defendants to the

burdens of trial, including discovery, until those [jurisdictional] issues are resolved."  Doc. 13 at

2-3.  His Memorandum Opinion and Order throughly explained why discovery is almost always

completely stayed when a defense of immunity is raised, and illustrated how a defendant forced

to participate in discovery while a motion to dismiss is pending loses the benefit of the immunity

defense.  Magistrate Judge Garcia therefore stayed "all discovery," but allowed initial disclosures,

the submission of a Joint Status Report, and the Rule 16 scheduling conference to proceed.

Plaintiffs' attorney set this controversy in motion on August 23, 2010, by sending a letter

to the Custodian of Records at the New Mexico Attorney General's Office that made a request for

certain public records pursuant to the Inspection of Public Records Act ("IPRA"), N.M.S.A.

(1978) §§ 14-2-1 *et seq*.  *See* Doc. 21, Ex. A.  The letter requested that the Attorney General's

Office provide copies materials that were directly relevant to the claims and defenses in this case.

*See id*.

Following a request from Defendant's attorneys that Plaintiffs withdraw their IPRA

request, and a subsequent refusal by Plaintiffs, Defendant filed a Motion for Order to Show Cause

[Doc. 21] on September 2, 2010.  In a Memorandum Opinion and Order issued on September 28,

2010, Magistrate Judge Garcia granted Defendant's motion and issued an Order to Show Cause

directing Plaintiffs to withdraw their pending IPRA request or else to show cause why they

should not be held in contempt for violating the Court's discovery stay.  *See* Doc. 25 at 7.  The

Magistrate Judge found that, even if Plaintiffs would have had the right to the requested materials

before filing suit, their attempt to request them after the Court issued a discovery stay was a direct

violation of the Court's order and constituted an attempt to make an end-run around the discovery

stay.  *Id*. at 6-7.

Plaintiffs timely filed an objection to the Magistrate Judge's Order to Show Cause.  *See*
Doc. 27.  However, Plaintiffs did not request that the Order to Show Cause be stayed while their
objections were pending with this Court.  Nor did Plaintiffs withdraw their IPRA request or
attempt to show to the Magistrate Judge, by his specified deadline, why their IPRA request should
not lead to a sanction.  Therefore, on October 15, 2010, Magistrate Judge Garcia issued an Order
sanctioning Plaintiffs' attorney for violating the discovery stay.  *See* Doc. 29.  Plaintiffs' attorney
timely paid the imposed sanction of $150 to the charity of his choice, the New Mexico Open
Government Foundation, and even added a voluntary contribution of $150 on top of the sanction.
*See* Doc. 30.  This Court carefully considered Plaintiffs' objection to the Magistrate Judge's
Order to Show Cause, and ultimately overruled that objection.  *See* Doc. 36.

Because Defendant denied the IPRA request from Plaintiffs' attorney, contending that it
was an improper attempt to circumvent the discovery stay, Plaintiffs' attorney filed suit in state
court seeking to enforce the request.  *See Faber v. King*, D-202-CV-201010665.  Plaintiffs'
attorney succeeded in arguing to the state district court that Defendant violated IPRA by not
complying with the request, despite the fact that this Court had ruled that the request violated its
discovery stay.  *See* State Court Opinion, attached as Ex. A to Doc. 72.  The state court thereafter
issued a writ of mandamus ordering Defendant to respond to the IPRA request.  *Id*.  When
Defendant continued to refuse to provide the records, citing this Court's conflicting ruling, the
state district court found Defendant in contempt and ordered monetary sanctions.  The state court
judgment is currently before the New Mexico Court of Appeals.

Following the imposition of sanctions by the state court, Defendant filed a Renewed
Motion for Order to Show Cause [Doc. 72].  This motion sought sanctions against Plaintiffs'

attorney for his continued violation of the Court's discovery stay.  It requested the assessment of

a monetary sanction equal to the sanction imposed on Defendant by the state court's contempt

order.  In his Memorandum Opinion and Order addressing Defendant's motion, the Magistrate

Judge noted that Plaintiffs' counsel continued to disregard several Orders in which this Court had

rejected Plaintiffs' position that the IPRA request did not violate the discovery stay.  *See* Doc. 76

at 6-7.  He also recognized the "untenable position" that Defendant was in, because Defendant

was being sanctioned by the state court for not turning over the very documents that this Court

had ruled were being sought in violation of this Court's discovery stay.  *Id*. at 7.  The Magistrate

Judge noted that, if he granted Defendant's request for sanctions in an amount equal to the

sanction the state court had imposed on Defendant, it would have the practical effect of nullifying

the state court's order.  *See id*. at 8.  Although he found that "[a] request for sanctions under the

circumstances present here is appropriate," the Magistrate Judge ultimately denied the request,

citing principles of comity.  *Id*.  He concluded that, because an award of the sanctions sought by

Defendant would only serve to nullify the state court's order, such an order by this Court would

show disrespect to the state court's ruling and would diminish respect for the state court by

interfering with its ruling.  *Id*.  In denying Defendant's request for sanctions, the Magistrate Judge

made clear that he did not believe that the state court's ruling meant that Plaintiffs' attorney was

not violating the discovery stay in this federal case, and he indicated that Plaintiffs' attorney's

"conduct is disrespectful to the federal court and its orders, and constitutes a breach of the Creed

of Professionalism that was adopted in the federal court's local rules."  *Id*. at 7.

In the motion currently before the Court, Plaintiffs' attorney asks the Court to revisit its

Order overruling his objections to the Magistrate Judge's initial imposition of sanctions, and he

uses the state court's ruling to support his position that the Court erred in imposing sanctions.  As

an initial matter, there appears to be some confusion on the part of Plaintiffs' attorney as to which

Order he is objecting to.  Plaintiffs' counsel fashions his motion as "Renewed Objections to

Magistrate Judge's Order Imposing Sanctions." [Doc. 48].  The motion states that this Court's

Memorandum Opinion and Order, issued January 3, 2011 [Doc. 36], affirmed the Order of

contempt that imposed sanctions.  *See* Doc. 48 at 1.  However, Plaintiffs never initially objected

to the Order imposing sanctions; instead they objected to the Order to Show Cause, *see* Doc. 27,

and it is that Order that this Court upheld in its Memorandum Opinion and Order.  When he filed

his Reply with respect to the current motion, it was fashioned as a "Reply to Defendant's

Response to Plaintiffs' Renewed Objections to Magistrate Judge's Order to Show Cause."  Doc.

60.  Yet, even the Reply, though referencing the Order to Show Cause in its title, refers to

objections to the Order holding Plaintiffs' counsel in contempt.  *See id*. at 1.

Because Plaintiffs previously objected to the Order to Show Cause, and because the Reply

references the Order to Show Cause in its title, the Court will assume that it is that Order [Doc.

27] to which Plaintiffs are renewing their objection.[1]  Plaintiffs urge this Court to overturn the

Order to Show Cause based on the state court's ruling that Defendant violated IPRA by denying

Plaintiffs' counsel's IPRA request.  The state court's decision, which does not address significant

portions of this Court's reasoning and analysis supporting its Order, does not govern the issue

---

[1] If, however, Plaintiffs are instead objecting for the first time to the Order Imposing
Sanctions [Doc. 29], the Court notes that the sanctions order was thoroughly justified.  As
previously discussed, in his Order to Show Cause, the Magistrate Judge gave Plaintiffs' counsel
two choices: withdraw his IPRA request, or show cause by a particular date why he should not
be held in contempt for violating the discovery stay.  Plaintiffs' counsel did neither.  Although
he filed objections to the Order to Show Cause, he did not seek a stay of that Order while his
objections were pending.  As the Magistrate Judge discussed in his Order Imposing Sanctions, a
party's duty to comply with an order is not automatically stayed pending review of objections by
the district court.  *See* Doc. 29 at 3.

before this Court.  This Court, like the Magistrate Judge, has the utmost respect for the state court

and does not intend to show disrespect for the state court's ruling.  However, the Magistrate

Judge's Order to Show Cause, and this Court's opinion upholding it, was based on its view of the

public policy underlying immunity claims and the breadth of the discovery stay.  Plaintiffs filed

this case in federal court, and they are bound by the federal court's interpretation of its own

orders.  However the IPRA question is ultimately settled by the state Court of Appeals, this

Court's ability to manage the litigation before it and to compel compliance with its orders

remains a separate issue.  Therefore, the state court decision does not obligate this Court to revise

its prior determination that Plaintiffs' counsel violated this Court's order.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Renewed Objections to Magistrate*

*Judge's Order Imposing Sanctions* [Doc. 48] are overruled.


_____
**UNITED STATES DISTRICT JUDGE**