## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

LESLEY J. LOWE, ESQ., MARY H. SMITH,
ESQ., and MELANIE CARVER, ESQ.,

             Plaintiffs,

v.                                                       Civ. No. 10-0315 JCH/LFG

STATE OF NEW MEXICO ex rel.
GARY K. KING, Attorney General,
Individually, and in his Official Capacity,

             Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Relief from Order [Doc. 119], Defendant's Motion to Dismiss Plaintiffs' Remaining Claims and Memorandum in Support [Doc. 82], and Defendant's Motion to Dismiss Plaintiffs' Spoliation Claim [Doc. 115]. The Court, having considered the motions, briefs, and relevant law, and being otherwise fully informed, finds that Plaintiffs' Motion for Relief from Order is not well taken and will be DENIED, Defendant's Motion to Dismiss Plaintiffs' Remaining Claims is not well taken and will be DENIED, and Defendant's Motion to Dismiss Plaintiffs' Spoliation Claim is well taken and will be GRANTED.

### BACKGROUND

Plaintiffs, all female attorneys employed by the New Mexico Attorney General's Office ("AGO"), filed an Amended Complaint on April 5, 2010, against Defendant State of New Mexico ex rel. Gary K. King, Attorney General, in his individual and official capacities ("Defendant"), alleging that they are paid less than similarly-situated male attorneys in their office. Plaintiffs' Amended Complaint states four Counts: (1) violation of the Equal Pay Act, 29 U.S.C. Section 206(d); (II) discrimination on the basis of sex in violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. Sections 2000e *et seq.*; (III) discrimination on the basis of

sex in violation of the New Mexico Human Rights Act, New Mexico Statutes Annotated

Sections 28-1-1 *et seq.*; and (IV) violation of Section 1983 of Title 42 of the United States Code.

In a Memorandum Opinion and Order issued January 14, 2011 [Doc. 37], the Court dismissed

Count III of Plaintiffs' Amended Complaint in its entirety and Count IV of the Amended

Complaint to the extent it states a claim against Defendant in his official capacity.  In a

Memorandum Opinion and Order issued March 8, 2012 ("March 8, 2012, Order") [Doc. 80], the

Court dismissed the remainder of Count IV.

On March 12, 2012, Defendant filed its Motion to Dismiss Plaintiffs' Remaining Claims

("Motion to Dismiss Counts I and II") on the ground that the doctrine of the law of the case bars

litigation of the claims.  On June 28, 2012, Plaintiffs filed their Second Amended Complaint, in

which they added a cause of action for spoliation of evidence.  On July 12, 2012, Defendant filed

its Motion to Dismiss Spoliation Claim, arguing that the state has immunity pursuant to the

Eleventh Amendment in the United States Constitution and the New Mexico Tort Claims Act,

New Mexico Statutes Annotated, Sections 41-4-1 *et seq.*  On August 7, 2012, Plaintiffs filed

their Motion for Relief from Order, asking the Court to reconsider the March 8, 2012, Order and

reinstate their Section 1983 claims against Defendant in his individual capacity on the ground

that newly-discovered evidence precludes a grant of summary judgment on the claims.

## DISCUSSION

I.   Plaintiffs' Motion for Relief from Order

A.   Legal Standard

Plaintiffs Motion for Relief from Order is governed by Federal Rule of Civil Procedure

54(b).  Federal Rule 54(b) applies to reconsideration of interlocutory, but not final, orders.  *See*

*Raytheon Constrs., Inc. v. Asarco, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) (motions to

reconsider interlocutory orders should be analyzed pursuant to Federal Rule 54(b) and not

pursuant to the rules governing final judgments).  Federal Rule 54(b) provides in relevant part

that "any order . . . however designated, which adjudicates fewer than all the claims or the rights

and liabilities of fewer than all the parties . . . [,] is subject to revision at any time before the

entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Fed. R. Civ. P. 54(b).

      B.    <u>Analysis</u>

     In their Motion for Relief from Order, Plaintiffs ask the Court to reconsider its March 8,

2012, Order, and reinstate their Section 1983 individual capacity claims on the ground that

newly-discovered evidence establishes the necessary Section 1983 element of personal

participation that the Court found lacking.  Defendant opposes the motion, arguing that

Plaintiffs' evidence fails to establish that Defendant personally participated in the setting of

Plaintiffs' salaries or, even if he personally was involved, that Defendant violated Plaintiffs'

constitutional rights.

     In its March 8, 2012, Order, the Court entered summary judgment in Defendant's favor

on Plaintiffs' Section 1983 claims on two separate and independent grounds.  First, the Court

noted that personal participation is an essential element of a Section 1983 claim and concluded

that Plaintiffs had failed to offer evidence that Defendant King personally participated in setting

Plaintiffs' salaries.  *See* Mar. 8, 2012, Order, p. 15.  Specifically, the evidence showed that

Defendant King did not "personally negotiate the terms of Plaintiffs' employment or their

starting salaries," that Defendant did not have "ultimate authority over salary increases" but

rather the Department of Finance and Administration had this authority, that Defendant did not

3

"exercise[] supervisory authority over the Department of Finance," and that Defendant did not have any authority to "institute an objective system of evaluation and pay." *Id.*, p. 15-16.

Second, the Court concluded that even if Plaintiffs had presented evidence that Defendant King personally was involved in setting salaries, Defendant nonetheless would be entitled to qualified immunity because Plaintiffs had failed to establish their summary judgment burden of pleading facts which, if true, would constitute a violation of a constitutional or statutory right. *See id.*, p. 16.  Specifically, the Court determined that the facts demonstrated only that salaries were based upon a "multi-factor system that takes into account non-discriminatory criteria such as market factors, special skill sets, complexity of duties, and demonstrated competence and innovation in litigation," and not upon "seniority or years of experience." *Id.*, p. 17-18.  The Court pointed out that Plaintiffs had premised their Section 1983 claims "solely on a comparison of their years of experience relative to certain other employees . . . , but they [had not] cited [any] clearly established constitutional right to be paid strictly on the basis of seniority." *Id.*, p. 18.  The Court concluded that Defendant had made a showing that the multi-factor salary setting system was "objective[ly] reasonable" and therefore Plaintiffs did not state a violation of the Equal Protection Clause, and that the factors considered in that system constituted a "legitimate, nondiscriminatory reason" for the pay disparity and therefore Plaintiffs did not state a violation of Title VII.  *See id.*, p. 18, 19-20.  Moreover, the Court determined that Plaintiffs did not state a violation of the Equal Pay Act because reliance solely on job titles and years of experience was insufficient to state a violation given that actual job requirements and performance are controlling.  *See id.* at 19.

In their Motion for Relief from Order, Plaintiffs argue that newly-discovered evidence merits the Court's reconsideration of the March 8, 2012, Order and the reinstitution of their

Section 1983 individual capacity claims.  Plaintiffs' new evidence, however, refutes only the *first* ground on which the Court granted Defendant's Motion for Summary Judgment. Specifically, Plaintiffs point to the deposition testimony of the Chief Deputy Attorney General Albert Lama, who when asked, "Who determines the salaries of the assistant attorneys general," answered, "The Attorney General."  Pls' Mot. for Relief from Order, Exh. A, p. 6.  Plaintiffs argue that the Chief Deputy's testimony constitutes evidence that Defendant personally participated in the setting of Plaintiffs' salaries.

Even if the Court were to conclude that the newly-obtained deposition testimony of Chief Deputy Lama would be sufficient to meet Plaintiffs' qualified immunity burden of stating facts that, if true, would establish the personal participation on the part of Defendant that the Court found lacking in its March 8, 2012, Order, the Court would nonetheless deny Plaintiffs' Motion for Relief from Order because Plaintiffs do not present any newly-discovered evidence or other ground meriting the Court's reconsideration of the *second* ground on which the Court granted Defendant's motion.  As described above, the Court also concluded in its March 8, 2012, Order that Plaintiffs had failed to plead facts that, if true, would constitute a violation of a constitutional or statutory right.  *See* Mar. 8, 2012, Order, p. 16.  Because this independent ground remains for granting Defendant's Motion for Summary Judgment, the Court declines to reconsider its March 8, 2012, Order or reinstitute Plaintiffs' Section 1983 claims.

In their Reply, Plaintiffs argue unpersuasively that evidence of a constitutional or statutory violation can be found in the deposition testimony of Zachary Shandler, the Deputy Director of the division of the AGO in which Plaintiffs' worked.  In his deposition, Deputy Director Shandler testified that there is a "disparity in the salaries, among the staff attorneys, between men and women."  Pls' Reply to Resp. to Mot. for Relief, Exh. D, p. 7.  This evidence,

however, cited for the first time in Plaintiffs' reply brief, is not sufficient to state a violation of a constitutional or statutory right.[1]  The testimony of the Deputy Director confirms only that there is a disparity between the salaries of men and women and not that the disparity exists because Defendant violated Plaintiffs' rights.  The Court already determined in its March 8, 2012, Order, that Defendant had set forth an "objectively reasonable" basis and a "legitimate, nondiscriminatory reason" for the pay disparity.  Specifically, the Court concluded that Defendant made a showing of objective reasonableness with respect to any pay disparity by establishing that salaries are set based upon a multi-factor system that considers market factors, special skill sets, complexity of duties, and competence and innovation in litigation.  *See* Mar. 8, 2012, Order, pp. 17-18.  The Court further determined that "[e]ven assuming that Plaintiffs have made a *prima facie* showing of discrimination under Title VII, Defendant has presented a legitimate, nondiscriminatory reason that salaries of certain male attorneys could be higher than Plaintiffs' salaries, such as management responsibilities, complexity of duties, and specialized skills." *Id.*, pp. 19-20.  Accordingly, the Deputy Director's testimony, which merely confirms the existence of the pay disparity and does not establish that a violation of a constitutional or a statutory right caused the disparity, does not persuade the Court to reconsider its March 8, 2012, Order or to otherwise conclude that Plaintiffs satisfied their burden of overcoming Defendant's qualified immunity to their Section 1983 claims.

Likewise, the fact that Deputy Director Shandler testified that Plaintiff Smith is

---

1 The Court need not consider arguments raised for the first time in a reply brief.  *See United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) ("arguments raised for the first time in a reply brief are generally deemed waived").  The Court notes, however, that the Deputy Director's testimony was not available when Plaintiffs drafted their opening brief (*i.e.*, the deposition was taken one day after Plaintiffs filed their opening brief).  Even assuming, however, that Plaintiffs had included Deputy Director Shandler's testimony in their opening brief, the Court nonetheless would deny Plaintiffs' motion for the reasons stated herein.

6

"extremely valuable" to the AGO or that Plaintiff Lowe did an "outstanding job," is also insufficient to state a violation of a constitutional or statutory right.  Plaintiffs argue that the testimony about the unequal pay between the sexes "despite Plaintiffs' exemplary work leads to an inference of unequal pay for equal work."  Pls' Reply to Resp. to Mot. for Relief, p. 3.  In its March 8, 2012, Order, however, the Court explained that to establish a violation of the Equal Pay Act, a plaintiff must demonstrate that her employer "pays unequal wages for work that is substantially equal in terms of 'skill, effort, and responsibility, and which [is] performed under similar working conditions.'"  Mar. 8, 2012, Order, p. 19 (quoting 29 U.S.C. § 206(d)(1)) (citing *Corning Glass Work v. Brennan*, 417 U.S. 188, 195 (1974) (placing burden on plaintiff to demonstrate *substantial equivalence* between employees) (emphasis added)).  Deputy Director Shandler's testimony indicates only that Plaintiffs Smith and Lowe performed well.  Crucially, the testimony fails to demonstrate that Plaintiffs' work or performance was *substantially equal to those of their male counterparts*.  As such, Plaintiffs' non-comparative evidence is insufficient to state a constitutional or statutory violation or to otherwise persuade the Court to reconsider its March 8, 2012, Order.  The Court therefore denies Plaintiffs' Motion for Relief from Order.

II.      Defendant's Motion to Dismiss Counts I and II

         A.      Legal Standard

         Plaintiffs argue that the Court should not consider Defendant's Motion to Dismiss Counts I and II because Defendant filed the Motion to Dismiss after it filed its Answer to the Amended Complaint and it therefore was untimely.  *See* Pls' Resp. to Def's Mot. to Dismiss Counts I and II, p. 9.  The Court, however, in its discretion may treat a motion to dismiss filed after the filing of an answer as a motion for judgment on the pleadings.  *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir.) (citations omitted), *cert. denied*, 537 U.S. 1066 (2002).  The Court

exercises this discretion and declines to deny Defendant's motion based upon a procedural defect. Although the Court analyzes Defendant's motion as a motion for judgment on the pleadings, in keeping with the parties' designations the Court refers to the motion herein as a motion to dismiss.

The same standard that governs a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure also governs a motion for judgment on the pleadings under Federal Rule 12(c). *See Atlantic Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000) (citation omitted); *Wagner Equip. Co. v. Wood*, Civ. No. 11–466 MV/ACT, 2012 WL 4466644, at *2 (D.N.M. Sep. 24, 2012). Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a 12(b)(6) motion, the Court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the non-moving party's favor. *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Although this standard does not require "detailed factual allegations," it "demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Id*. (citation omitted).  Accordingly, a complaint

"that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

action will not do.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In

other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id*. (citation omitted).  Nor does a complaint suffice if it

"tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*,

550 U.S. at 557).  Thus, while a court must take all of the factual allegations in the complaint as

true, "a plaintiff armed with nothing more than conclusions" cannot survive a motion to dismiss.

*Id*. at 679.

      B.   <u>Analysis</u>

     Defendant moves to dismiss Plaintiffs' Equal Pay Act and Title VII claims on the ground

that the claims are barred by the law of the case doctrine.  Specifically, Defendant argues that

"Plaintiffs are estopped by the Court's [March 8, 2012, Order] granting summary judgment on . .

. Plaintiffs' § 1983 Claim . . . from further litigating their remaining claims against Defendant."

Def's Mot. to Dismiss Pls' Remaining Claims, p. 1.  In response, Plaintiffs argue that the law of

the case doctrine does not bar their claims because the Court's March 8, 2012, Order was

interlocutory and not a final judgment.

     "'[T]he law of the case doctrine posits that when a court decides upon a rule of law, that

decision should continue to govern the same issues in subsequent stages in the same case.'"

*United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991) (quoting *Arizona v. California*,

460 U.S. 605, 618 (1983)); *accord McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034

(10th Cir. 2000).  "'[W]hen a case is appealed and remanded, the decision of the appellate court

establishes the law of the case and ordinarily will be followed by both the trial court on remand

and the appellate court in any subsequent appeal.'" *Id.* at 1034-35 (quoting *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995)). This doctrine is "based on sound public policy that litigation should come to an end . . . and is designed to bring about a quick resolution of disputes by preventing continued re-argument of issues already decided." *Gage v. Gen. Motors Corp.*, 796 F.2d 345, 349 (10th Cir. 1986) (citations omitted); *accord McIlravy*, 204 F.3d at 1035. The law of the case doctrine is not an "inexorable command" or a limit on a court's power, but rather is a "rule of practice" self-imposed by courts in the interests of judicial efficiency "to be applied with good sense." *Wessel v. Albuquerque*, 463 F.3d 1138, 1143 (10th Cir. 2006) (citations omitted); *Gage*, 796 F.2d at 349; *McIlravy*, 204 F.3d at 1035 (citation omitted). Thus, "the rule is a flexible one that allows courts to depart from erroneous prior rulings, as the underlying policy of the rule is one of efficiency, not restraint of judicial power." *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1224-25 (10th Cir. 2007) (citing *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 823 (10th Cir. 2007)).

Defendant argues that the Court's March 8, 2012, Order constitutes a decision that pursuant to the law of the case doctrine precludes Plaintiffs' litigation of the same issues in Counts I and II of the Amended Complaint.[2] The Court disagrees. The March 8, 2012, Order is an interlocutory decision subject to reconsideration and is not a final judgment that pursuant to the law of the case doctrine should "govern the same issues in subsequent stages in the same case." *Cf. Monsisvais*, 946 F.2d at 115 (emphasis added) (citation and internal quotation marks

---

2  For purposes of determining whether the law of the case doctrine applies, the Court will assume without deciding that the issues in Counts I and II require litigation of the "same issues" that the Court decided in its March 8, 2012, Order. *Cf. Arizona v. California*, 460 U.S. 605, 618 (1983) ("the law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern *the same issues* in subsequent stages in the same case") (emphasis added).

omitted).  Indeed, the Tenth Circuit explicitly has stated that the law of the case doctrine "applies

only when there has been a final decision."  *Gage*, 796 F.2d at 349 (citing *U.S. v. U.S. Smelting

Co.*, 339 U.S. 186, 198-99 (1950)) (additional citation omitted).  Accordingly, as described

herein, the law of the case doctrine generally applies to the decisions of an appellate court and

provides that those decisions "ordinarily will be followed by both the trial court on remand and

the appellate court in any subsequent appeal."[3]  *McIlravy*, 204 F.3d at 1034-35 (citation and

internal quotation marks omitted).  Alternatively, the doctrine may apply to a final decision

made by a district court if that decision is unchallenged in a subsequent appeal when the

opportunity to do so existed.  *See Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1140

(10th Cir. 2009)  ("[u]nder the law of the case doctrine, a legal decision made at one stage of

litigation, unchallenged in a subsequent appeal when the opportunity to do so existed becomes

the law of the case *for future stages* of the same litigation, and the parties are deemed to have

waived the right to challenge that decision at a later time") (emphasis added).  The parties, here,

however, are still at the same stage of initial litigation, the Court continues to retain original

---

3  Consistent with the general rule that the law of the case applies to appellate court decisions,
the Court notes that all of the cases cited by Defendant involve parties seeking to apply the law
of the case doctrine to the final decision of an appellate court.  *Cf. U.S. v. Alvarez*, 142 F.3d
1243, 1247 (10th Cir.) (holding that the decision of a prior Tenth Circuit panel reversing a
district court's grant of a motion to suppress constituted law of the case, and a subsequent panel
of the Tenth Circuit on appeal after remand would not review *de novo* the original Tenth Circuit
panel's decision), *cert. denied*, 525 U.S. 905 (1998); *Leslie Salt Co. v. U.S.*, 55 F.3d 1388, 1393
(9th Cir.) ("[u]nder law of the case doctrine, . . . one panel of an appellate court will not
reconsider matters resolved in a prior appeal to another panel in the same case"), *cert. denied*,
516 U.S. 955 (1995); *Wessel*, 463 F.3d at 1143 (finding no ground to depart from the law of the
case doctrine that would allow a subsequent panel of the Tenth Circuit to review the decision of
a prior Tenth Circuit panel); *McIlravy*, 204 F.3d at 1035, 1037 (holding that the Circuit would
not revisit the decision of a Tenth Circuit panel prior to remand because that panel's decision
constituted the law of the case).  Defendant cites no case—and this Court finds none—holding
that the law of the case doctrine applies to an interlocutory summary judgment decision of a
district court that still retains jurisdiction over the case.

jurisdiction over Plaintiffs' claims, and there has been no final decision.  The law of the case doctrine, therefore, is inapplicable at this stage.

The District of New Mexico case *Hauff v. Petterson*, cited by Plaintiffs, is instructive.  In *Hauff*, the district court specifically held that the state court's early summary judgment decision prior to removal was interlocutory and therefore that the law of the case doctrine did not apply. *See* 755 F. Supp. 2d 1138, 1145 (D.N.M. 2010).  In *Hauff*, the plaintiff-insured filed his claims for damages under his uninsured motorist policy in state court.  *See id.* at 1144.  After a series of failed negotiations, the plaintiff moved to certify a multi-state class of uninsured or under-insured motorists who filed claims for damages similar to the plaintiff's.  *See id.*  Thereafter, the defendant-insurer removed the case to federal court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(a)(1) & (d)(2).  *See id.*  Removal occurred after the state court had granted partial summary judgment in favor of the plaintiff-insured.  *See id.* at 1144-45.  Once in federal court, the plaintiff-insured invoked the law of the case doctrine with respect to the state court's favorable summary judgment decision.  *See id.* at 1145.

Defendant argues unpersuasively that the reasoning of *Hauff* is inapplicable to the case at bar.  Specifically, Defendant maintains that the *Hauff* court based its holding that the state court's summary judgment ruling was interlocutory and that the law of the case doctrine did not apply on the ground that CAFA provided the parties with the right to a *federal* resolution of the plaintiff's claims under federal law, and that applying the law of the case doctrine to the *state court's* summary judgment decision would be depriving the parties of that federal right.  *See* Def's Reply in Supp. of Mot. to Dismiss Counts I and II, p. 5.  Defendant's assessment of the court's reasoning, however, is incomplete.

The *Hauff* decision cites *two* lines of authority in support of its conclusion that the law of

12

the case doctrine did not apply to the state court's summary judgment decision, only the second of which supports Defendant's argument. *See* 755 F. Supp. 2d at 1145. Specifically, the *Hauff* decision first cites a controlling Tenth Circuit case contrary to Defendant's position, which Defendant fails to mention. *See id.* (citing *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007) (the law of the case doctrine generally is inapplicable to interlocutory orders)) (additional citation omitted). Defendant, however, cites only the second line of persuasive (but not binding) authority cited by the *Hauff* court, which states that "[t]he Class Action Fairness Act provides for federal resolution of the plaintiffs' claims, so the district court need not (and should not) give any weight to the state judge's order[s]," presumably because that line of authority is supportive of Defendant's position. *See id.* (citing *Knudsen v. Liberty Mutual Insurance Co.*, 435 F.3d 755, 758 (7th Cir. 2006)) (additional citation omitted). Importantly, the first line of authority cited by the *Hauff* court in support of its conclusion that the law of the case doctrine is inapplicable—namely, the precedential Tenth Circuit case of *Been v. O.K. Industries, Inc.*—does not rest its holding on the ground that CAFA provides for a federal resolution but rather specifically holds that a prior summary judgment decision is interlocutory in nature and that the law of the case doctrine does not prohibit a district court from reconsidering its prior summary judgment orders so long as the district court retains jurisdiction over the case. *See Been*, 495 F.3d at 1224-25 (district courts generally remain free to reconsider their earlier interlocutory orders) (citations omitted); *see also U.S. v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (a district court may review its prior rulings so long as it retains jurisdiction over the case), *cert. denied*, 544 U.S. 956 (2005), *cited in Been*, 495 F.3d at 1225.

In *Been v. O.K. Industries*, the plaintiffs, a class of growers who had entered into contracts with the defendant, a poultry producer, brought suit alleging that the terms of the

contracts as well as the defendant's performance under the contracts violated the Packers and

Stockyards Act ("PSA"), 7 U.S.C. § 181 *et seq.* *See* 495 F.3d at 1222-23.  The district court

originally had denied the defendant's motion for judgment on the pleadings, concluding that

proof of an injury to competition is not a required element of a claim brought under the PSA.

*See id.* at 1223-24.  Eighteen months later, however, a different district court judge granted the

defendant's motion for summary judgment on the same issue.  *See id.* at 1223.  In deciding the

motion for summary judgment in the defendant's favor and holding that proof of injury to

competition was in fact a required element of a PSA claim, the subsequent district court judge

rejected the plaintiffs' argument that the court was bound by the law of the case doctrine to the

original judge's decision in the plaintiffs' favor.  *See id.*

On appeal, the Tenth Circuit likewise rejected the plaintiffs' argument.  The Tenth

Circuit in *Been* agreed that the law of the case doctrine would apply "[i]f the original ruling was

issued by a higher court," in which case "a district court should depart from the ruling only in

exceptionally narrow circumstances."[4]  *Id.* at 1225 (emphasis added) (citing *see McIlravy*, 204

F.3d at 1035); *see also Lane v. Page*, 727 F. Supp. 2d 1214, 1230 & n.2 (D.N.M. 2010) (law of

the case is a doctrine that binds the trial court after an appeal) (citing *Clark*, 590 F.3d at 1140).

Importantly, however, the Tenth Circuit indicated that if the ruling was issued by a district court,

and not by an appellate court, the district court would remain free to reconsider its earlier

interlocutory order so long as the court retained jurisdiction over the case.  *See Been*, 495 F.3d at

1225 (emphasis added) (citations omitted); *see also id.* (citing *Smith*, 389 F.3d at 949).

---

4  Courts have recognized three "exceptionally narrow" grounds for departure from a higher
court's rulings:  (1) when the evidence in a subsequent trial is substantially different; (2) when
controlling authority has subsequently made a contrary decision of the law applicable to such
issues; or (3) when the decision was clearly erroneous and would work a manifest injustice.  *See
Alvarez*, 142 F.3d at 1247 (citing *Monsisvais*, 946 F.2d at 117).

The Tenth Circuit's decision in *Been v. O.K. Industries* is directly controlling here. Pursuant to that decision as well as the district court's decision in *Hauff*, the Court concludes that the March 8, 2012, Order is interlocutory and that the doctrine of the law of the case therefore is inapplicable. *Cf. id.*; *Hauff*, 755 F. Supp. 2d at 1145 (citations omitted). Because of the interlocutory nature of the Court's Order, and the fact that the Court still retains jurisdiction over this case, *see Been*, 495 F.3d at 1225 (citing *Smith*, 389 F.3d at 949), the Court denies Defendant's Motion to Dismiss Counts I and II of the Amended Complaint.

Defendant argues that pursuant to the District of New Mexico case *Lane v. Page*, Plaintiffs are barred from litigating Counts I and II of their Amended Complaint unless they appeal the Court's March 8, 2012, Order. *See* Def's Reply in Supp. of Mot. to Dismiss Counts I and II, p. 6 (citing *Lane v. Page*, 727 F. Supp. 2d 1214, 1230 & n.9 (D.N.M. 2010)). The Court is not persuaded. As support for its argument, Defendant quotes the following language in the *Lane* decision: "'Under the law of the case doctrine, a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation and the parties are deemed to have waived the right to challenge that decision at a later time.'" *See id.* (quoting *Lane*, 727 F. Supp. 2d at 1230 n.9). The Court already has explained, however, that the parties are not litigating at a *subsequent* stage of litigation. Rather, because the Court still retains its original jurisdiction and its summary judgment decision was interlocutory, the parties are litigating at the *same* stage. *See supra* pp. 11-12. The law of the case doctrine applies only to decisions of an appellate court or final decisions of a district court over which the district court no longer exercises jurisdiction. *See Been*, 495 F.3d at 1225 (citing *Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1140 (10th Cir. 2009)); *Gage*, 796 F.2d at 349 (citations omitted). So long as this Court retains its

15

original jurisdiction, the Court's orders are interlocutory and the law of the case doctrine does not apply.  *See id.*

The parties also dispute whether the Court's March 8, 2012, Order decided the same issues as those issues relevant to Counts I and II of Plaintiffs' Amended Complaint.  The question is relevant because the law of the case doctrine only bars relitigation of "the same issues" in subsequent stages in the same case.  *See Alvarez*, 142 F.3d at 1247.  The Court, however, already has denied Defendant's Motion to Dismiss Counts I and II on a separate and independently sufficient ground—namely, that the law of the case doctrine is inapplicable to an interlocutory order such as the March 8, 2012, Order ruling on Defendant's summary judgment motion.  Accordingly, the Court need not—and therefore does not—decide this question.

III.   Defendant's Motion to Dismiss Plaintiffs' Spoliation Claim

A.   Legal Standard

Defendant moves to dismiss Plaintiffs' spoliation claim based upon Eleventh Amendment immunity pursuant to Federal Rule of Civil Procedure 12(b)(1).  Federal Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction.  A court applies the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion when a plaintiff's challenge, as here, is limited to a facial attack on the allegations of a complaint.  *See Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010); *see also Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).

Defendant also moves to dismiss Plaintiffs' spoliation claim on the ground that the state has not waived immunity pursuant to the New Mexico Tort Claims Act ("NMTCA").  Although a Motion to Dismiss on the ground of Eleventh Amendment immunity is jurisdictional in nature and properly brought pursuant to Rule 12(b)(1), a Motion to Dismiss on the ground of immunity

under the NMTCA is not jurisdictional and should be brought pursuant to Rule 12(b)(6).  *See*

*Allen v. Bd. of Educ.*, 748 P.2d 516, 518 (N.M. Ct. App. 1987) (there is a distinction between

immunity from suit and a mere defense to liability and stating that the NMTCA provides a

general defense to liability but *not* absolute immunity from suit) (citation omitted).  The standard

for a Rule 12(b)(6) motion to dismiss is set forth in Section II.A.  *See supra* pp. 7-9.

      B.    Analysis

      Plaintiffs filed their Second Amended Complaint on July 30, 2012, adding a claim for

spoliation of evidence.  Specifically, Plaintiffs allege that "after learning of the lawsuit or the

potential of the lawsuit" but "[s]ome time before March 9, 2012," Defendant "disposed of or

destroyed salary records for more than 200 assistant attorneys general" with the "sole intent . . .

to disrupt or defeat th[e] lawsuit."  Second Am. Compl. ¶¶ 47, 72-73.  Plaintiffs further allege

that Defendant's "disposal or destruction of evidence affected the Plaintiffs' ability to prove their

cases" and has caused the Plaintiffs to suffer damages.  *Id*. ¶¶ 48-49, 74-75.  As redress,

Plaintiffs seek sanctions against Defendant, including default judgment or the imposition of

liability, as well as pre- and post-judgment interest and such further relief as the Court deems

necessary and proper.  *See id.*, p. 10.

      New Mexico courts have recognized the claim of intentional spoliation of evidence.  *See*

*Coleman v. Eddy Potash, Inc.*, 905 P.2d 185, 189 (N.M. 1995), *overruled on other grounds by*

*Delgado v. Phelps Dodge Chino, Inc*., 34 P.3d 1148 (N.M. 2001).  In order to prevail on an

intentional spoliation of evidence theory, a plaintiff must allege and prove the following:  (1) the

existence of a potential lawsuit; (2) the defendant's knowledge of the potential lawsuit; (3) the

destruction, mutilation, or significant alteration of potential evidence; (4) intent on part of the

defendant to disrupt or defeat the lawsuit; (5) a causal relationship between the act of spoliation

and the inability to prove the lawsuit; and (6) damages.  *See id.* (citations omitted).  In its Motion

to Dismiss Spoliation Claim, Defendant does not challenge Plaintiffs' ability to state a claim

based upon the substantive elements of a spoliation cause of action, but rather on the

jurisdictional ground that New Mexico's Eleventh Amendment Immunity bars Plaintiffs' claim

in federal court.  Defendant further argues that the Court should dismiss Plaintiffs' claim because

the NMTCA grants immunity from liability for all torts, including intentional spoliation of

evidence, except those specifically waived within the Act.

> 1.    Eleventh Amendment Immunity

Defendant argues that the Court should grant its Rule 12(b)(1) Motion to Dismiss

because Plaintiffs' spoliation claim is barred by the state's Eleventh Amendment immunity.  The

Eleventh Amendment is a jurisdictional bar that generally precludes suits against a state in

federal court commenced by citizens of that state or citizens of another state.  *See Steadfast Ins.

Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252-53 (10th Cir. 2007); *Elephant Butte Irrigation

Dist. v. Dep't of Interior*, 160 F.3d 602, 607 (10th Cir. 1998), *cert. denied*, 526 U.S. 1019

(1999).  There are, however, two clearly recognized exceptions to the general immunity

protections of the Eleventh Amendment:  (1) a state may consent to be sued, or (2) Congress

may clearly and expressly abrogate the states' immunity.  *See id.* (citing *ANR Pipeline Co. v.

Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998)).   In addition, there is also a third, judicially-

created alternative for avoiding the general application of state sovereign immunity—namely,

the *Ex parte Young* doctrine, which allows suits to proceed in federal court if the suits (a) are

against state officials (as opposed to the state itself) and (b) seek prospective equitable relief.

*See id.* (citing *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)).

Plaintiffs do not argue that any of the foregoing exceptions are applicable here.

Defendant contends, and the Court agrees, that Congress has not abrogated state immunity for spoliation of evidence claims. *See R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 878, 887 (N.D. Ohio 2009) (there is no independent cause of action for spoliation under federal law), *aff'd*, 606 F.3d 262 (6th Cir. 2010); *see also Paluch v. Sec'y Penn. Dep't Corrections*, No. 10–1645, 2011 WL 3652418, at *4 (3d Cir. Aug. 19, 2011) (noting that the plaintiff "pointed to no authority that allows for a freestanding spoliation action under federal law" and affirming the district court's dismissal of the spoliation claim based on the fact that no federal or state cause of action existed for the tort). Rather, spoliation of evidence is a state-law claim. *See Coleman*, 905 P.2d at 189 (recognizing the tort of intentional spoliation of evidence and discussing other state courts that have recognized the claim). Furthermore, the State of New Mexico has not waived its Eleventh Amendment immunity from suit in federal court for spoliation claims under any applicable state law. Rather, the state's waiver of Eleventh Amendment immunity is limited only to claims for which the state has waived immunity within the NMTCA. *See Wojciechowski v. Harriman*, 607 F. Supp. 631, 634-35 (D.N.M. 1985) (explaining that a waiver of Eleventh Amendment immunity will be found only where stated by "the most express language," determining that the NMTCA constitutes such a waiver, and holding that because the state has waived immunity in state district courts for claims enumerated in the NMTCA, the state has also waived Eleventh Amendment immunity for those claims in federal court); *see also* N.M. Stat. Ann. §41-4-4A (providing that a "governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by . . . Sections 41-4-5 through 41-4-12 [of the NMTCA]"). As described in Section III.B.2 herein, *see infra* p. 21, the NMTCA does not waive immunity for intentional spoliation of evidence. Moreover, the *Ex Parte Young* doctrine does not apply because Plaintiffs do not limit their

recovery to prospective equitable relief.  *See* Second Am. Compl.*,* p. 10 (seeking sanctions against Defendant, including default judgment or the imposition of liability, as well as pre- and post-judgment interest).

Rather, Plaintiffs' sole argument in response to Defendant's assertion of Eleventh Amendment immunity is that New Mexico public policy prevents Defendant from claiming Eleventh Amendment immunity as a bar to suit in federal court.  Plaintiffs argue that the relevant public policy is contained in the New Mexico Inspection of Public Records Act, which provides that "it is declared to be the public policy . . . that all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of public officers and employees" and further that "to provide persons with such information is an essential function of a representative government and an integral part of the routine duties of public officers and employees."  N.M. Stat. Ann. § 14-2-5.  Plaintiffs argue, without citing any supporting New Mexico authority, that the New Mexico public policy contained in the Inspection of Public Records Acts trumps the United States Constitution's Eleventh Amendment grant of immunity to states from suit in federal court.

Plaintiffs' argument has no merit.  Even assuming Plaintiffs had cited authority supporting their argument, which they have not, in light of the federal Constitution's Supremacy Clause,[5] "any state law . . . which interferes with or is contrary to federal law[] must yield." *Felder v. Casey*, 487 U.S. 131, 138 (1988) (internal quotation marks and citation omitted); *see also Chamber of Commerce v. Edmondson*, 594 F.3d 742, 765 (10th Cir. 2010) ("it has long

---

5 The Supremacy Clause of the U.S. Constitution provides that "the Laws of the United States . . . shall be the supreme Law of the Land[,] . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."  U.S. Const. art. VI, cl. 2.

been recognized that federal law preempts contrary state enactments"); *Harriman*, 607 F. Supp. at 635 ("it is axiomatic that, pursuant to the supremacy clause, article III preempts any contrary state law"). As described herein, there are only three exceptions to a state's Eleventh Amendment immunity in federal court. *See supra* p. 18. The Court already has concluded that none of these exceptions applies here. *See id.* pp. 18-19. Accordingly, the Court grants Defendant's Motion to Dismiss Spoliation Claim on the ground that Eleventh Amendment immunity bars the claim in federal court.[6]

### 2.    Waiver of Immunity Under New Mexico Tort Claims Act

Defendant additionally argues that the Court should grant its Motion to Dismiss because New Mexico has not waived its immunity from liability under the NMTCA for Plaintiffs' spoliation claim. In New Mexico, a "governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by . . . Sections 41-4-5 through 41-4-12 [of the NMTCA]." N.M. Stat. Ann. §41-4-4(A). While the Act waives immunity from liability for claims based on the operation and/or maintenance of motor vehicles, aircraft, watercraft, buildings, public parks, airports, public utilities, and medical facilities, and for claims against healthcare providers and law enforcement personnel, *see id.* §§ 41-4-5 to 41-4-12, the Act does not waive immunity from liability for the tort of spoliation of evidence, *see id.* Accordingly, in addition to granting Defendant's motion to dismiss on the ground that Eleventh Amendment immunity bars Plaintiffs' spoliation claim, the Court also

---

6 Plaintiffs imply that by granting Defendant's Motion on the ground of Eleventh Amendment immunity, the Court would be holding that the Eleventh Amendment "grants [the state] immunity to intentionally destroy public records that provide critical evidence in this case." Pls' Resp. to Def's Mot. to Dismiss Spoliation Claim, p. 7. Plaintiffs' argument misses the mark. The Eleventh Amendment only precludes suit against a state *in federal court*. It does not immunize a state from a claim brought *in state court*.

grants Defendant's motion on the separate and independent ground that New Mexico has not waived immunity from liability under the NMTCA.

Plaintiffs' argument that the NMTCA is inapplicable because their spoliation claim is contractual does not persuade the Court to hold otherwise.  Plaintiffs cite *Miller v. Allstate Insurance Co.*, 573 So. 2d 24 (Fla. Ct. App. 1999), as persuasive (but not precedential) support for their argument that the NMTCA does not bar their recovery.  In *Miller*, the Florida court of appeals concluded that a plaintiff-insured could maintain a spoliation claim in contract because the plaintiff established that the defendant-insurer had a contractual duty to preserve evidence for the plaintiff.  *See id.* at 27.  Although Plaintiffs point to no contractual duty of Defendant to preserve evidence, Plaintiffs argue that Defendant was bound by a regulatory duty to preserve the evidence under the New Mexico Administrative Code, which requires the AGO to retain certain employee records, *see* N.M. Admin. Code 1.15.6.101, and Plaintiffs contend that this regulatory duty is analogous to the contractual duty at issue in *Miller*.  Plaintiffs, however, have cited no New Mexico authority recognizing a spoliation claim premised upon a contractual duty to preserve evidence, and this Court declines to extend New Mexico law to include such a claim.

Even assuming, however, that New Mexico courts would adopt the reasoning of *Miller* and extend *Miller* to a duty arising under the New Mexico Administrative Code, *Miller* is of no avail to Plaintiffs on the facts at issue here.  In *Miller*, the evidence allegedly destroyed was the very evidence that the defendant-insurer had contracted with the plaintiff-insured to preserve.  *See Miller*, 573 So. 2d at 26.  Therefore, the court held that the insurer had a duty to preserve that evidence for the plaintiff.  *See id.* at 26-27.  Here, in contrast, the evidence allegedly destroyed—the personnel files of approximately 200 *other* assistant attorneys general—was not the evidence—namely, *Plaintiffs'* personnel files—that the Defendant would have any

22

contractual duty to preserve for Plaintiffs.  Plaintiffs cite no authority, and the Court finds none, for the proposition that Plaintiffs themselves have third-party standing to assert a spoliation claim under a contract theory based upon Defendant's alleged violation of a regulatory duty to 200 *other* assistant attorneys general.  The Court therefore concludes that Plaintiffs' Second Amended Complaint does not state a spoliation claim premised on the breach of a contractual duty to Plaintiffs to preserve evidence.

## CONCLUSION

For the foregoing reasons, IT THEREFORE IS ORDERED that Plaintiffs' Motion for Relief from Order [Doc. 119] is not well taken and will be DENIED, Defendant's Motion to Dismiss Plaintiffs' Remaining Claims [Doc. 82] is not well taken and will be DENIED, and Defendant's Motion to Dismiss Plaintiffs' Spoliation Claim [Doc. 115] is well taken and will be GRANTED.

DATED this 23rd day of October, 2012.


JUDITH C. HERRERA
United States District Judge